## JONES & CULLOM vs. KNOX.

[BILL IN CHANCERY BY WARD AGAINST SURETIES ON GUARDIAN'S BOND FOR SETTLEMENT OF THE GUARDIANSHIP.]

1. *Settlement of guardianship, when may be transferred to chancery court; who necessary parties defendant.*—It is a sufficient ground for transferring, at the suit of the ward, the settlement of a guardianship account from the probate to the chancery court, that the guardian was a certificated bankrupt, and died leaving no estate whatever; and in such a case there is no necessity for joining with the sureties a representative of the guardian as co-defendant, there being no administrator appointed.

2. *Liability of surety of guardian; provable in bankruptcy, and released by discharge in bankruptcy.*—The liability of the surety of a guardian is a contingent liability provable under section 19 of the bankrupt law of 1867. It is not of a fiduciary character, from which the discharge in bankruptcy of the surety does not release.

APPEAL from the Chancery Court of Montgomery.
Heard before Hon. A. C. FELDER.

THE appellee, a ward, on 23d June, 1869, filed his bill by next friend, against appellants, sureties on the bonds of his guardian. The facts are as follows: William Knox, in 1859, was appointed guardian of appellee, and qualified as such, with appellants as his sureties. On the 8th February, 1868, said guardian filed his accounts for an annual settlement of his guardianship, by which was shown a balance in his ward's favor of $10,535.06, for which, on the 29th June, 1868, the

probate court rendered a decree. After rendition of said decree the guardian died, having become an adjudicated bankrupt previous thereto. Said guardian died insolvent, leaving no assets subject to administration, and no administration upon his estate has been granted or applied for.

Appellant Jones was adjudged a bankrupt, on his own petition, 24th February, 1868, and received his final discharge in bankruptcy 15th June, 1868.

Appellant Jones demurred to the bill, and assigned, among others, as grounds of demurrer, want of equity, and non-joinder of personal representative of guardian as party defendant; and plead his discharge in bankruptcy. The chancellor overruled the demurrer, and gave decree in favor of appellee, from which appellants appeal, and assign as error the overruling the demurrer and the decree of the chancellor.

CHILTON & THORINGTON, and S. F. RICE, for appellants.— 1. The foundation of complainant's claim to relief, is the indebtedness of William .Knox, the guardian, and Cullom and Jones, the sureties of said guardian ; the only indebtedness alleged, is the indebtedness which the bill and exhibit thereto show to have been actually existing on the 8th day of February, 1868.

Nothing is shown to have been done after the 8th day of February, 1868, and before the filing of complainant's bill, which changed in any manner *the nature or character* of the alleged liability against the sureties. The decree of the probate court of June 29th, 1868, *allowing the guardian's account, previously filed*, did not *change the nature or character* of the liability of his sureties.

2. The nature or character of the liability of a surety of a guardian appointed in Alabama, must be determined by the statute of Alabama. The effect of a report, or return, or account filed by such guardian, in the probate court which appointed him, as well as the ascertainment by such court of the amount due by such guardian upon any settlement by him in that court, must be determined by those statutes.

These positions are the plain sequences from the following unquestionable principle, to-wit : " The legislature (of Alabama) is authorized clearly, by law, to provide that certain consequences shall flow from certain acts ; or, as in this case, that the ascertainment of the liability of the principal shall fix the liability of the sureties ; but the facts and circumstances out of which this relation (of principal and surety) arises, is, and must always be, a matter for judicial determination."—*McClure v. Colclough*, 5 Ala. 69, 70 ; *Price v. Cloud*, 6 *ib.* 248 ; *Robertson v. Coker*, 11 *ib.* 466.

Sureties who become such under the statute are bound by them as part and parcel of their contract ; for these statutes are, in truth, part and parcel of their contract.— *Atwoods v. Wright*, 29 Ala. R., and cases there cited.

3. The inquiry that must govern the present suit, is then reduced to this : Upon the facts and circumstances proved in this suit, was the liability of the principal (Wm. Knox) of such nature and character (had it not been fiduciary) as to be provable under the bankrupt law ? This inquiry is of easy and certain solution.

4. Jones was discharged in bankruptcy from all debts that *existed* on the 24th of February, 1868. The question, then, is not whether an indebtedness had been so ascertained to be due by the guardian before said 24th February, 1868, as that a suit could have been maintained at or before that day against the sureties, but whether Knox, the guardian, had up to that day received a greater amount of money from the estate of his ward than he was able to return to him. If the indebtedness of Knox to his ward *existed*, it matters not whether it was *ascertained* or not. It was not Jones' duty to have it ascertained, but the duty of the party who now seeks to charge him with it. The bankrupt law gave him the right to have it ascertained, and in this differs from the old bankrupt law ; having the right, his refusal or failure to exercise it, can only operate against himself. Jones' rights can not be prejudiced thereby.

5. The decisions above cited also show that, *under our statutes*, the sureties of a guardian are so peculiarly affected by his acts, as to make it manifestly inequitable to permit

a complainant to force the sureties to litigate the question of liability without the aid of the guardian, if living, or of his representative, if he be dead. A complainant can always make the guardian or his personal representative a party defendant under our practice; and he ought to be compelled to do so. Especially ought he to be so compelled, when, as here, he seeks to have the *final settlement* of the guardianship transferred from the probate to the chancery court. To any such *final* settlement, the guardian or his personal representative is not only a proper, but a necessary party. Obviously, he is a necessary party to such settlement in the probate court, and must be so deemed when such settlement is transferred to the chancery court.

MARTIN & SAYRE, *contra.*—1. The demurrer, for want of proper parties, has already been overruled, and there is nothing in any of the other causes of demurrer.

One of the defences is, that Jones was discharged as a bankrupt, and thereby released from his liability on the bond. This depends upon whether there was any debt against him at the time of filing his application for a discharge. His discharge shows that he was "discharged from all debts which by said act are made provable against his estate, and which existed on the 24th of February, 1868." William Knox never made any final settlement of his guardianship. On an annual settlement made the 3d of February, 1868, a balance was found against him of $10,535.06. But there was no liability fixed on the sureties by this annual settlement. The liability of the surety is not established until there is a final decree, and a failure by the guardian to satisfy that decree.

There was no demand against Jones in February, 1868, on account of his suretyship on said bond. There was no default at that time by his principal. No demand could at that time have been enforced against Jones; it was an amount for which Knox was individually liable.—Owen on Bankruptcy, 161–5; Hilliard on Bankruptcy, 303, 304, 305;

*Turner v. Esselman,* 15 Ala. 690; James on Bankruptcy, 85; 6 Hill, 252.

2. The argument of appellant's counsel, that Jones was discharged from his obligation as surety by his bankruptcy, is not sustained by the authorities which he cites. Section 19 of the bankrupt act applies only to such liabilities, contingent in their character, which have been contracted by the bankrupt *himself,* and has no reference to security debts.

The bankrupt act of 1841, § 5, contains this provision : " All creditors whose debts are not due and payable until a future day, all annuitants, &c., sureties, endorsees, bail, or other persons having *uncertain or contingent demands* against such bankrupt, shall be permitted to prove," &c.

This language is certainly as strong as that contained in the act of 1867 ; and all the authorities hold that the liability of a security on a guardian's bond is not such a demand against the bankrupt as can be proved. ( See authorities before cited.) In the case of *Turner and Wife v. Esselman,* 15 Ala. 695, Judge Chilton says : " Until the guardian made default, there was clearly *no* demand which was provable against the surety, and I apprehend it was hardly contemplated by the act, that the court granting the discharge should institute an inquiry as to the extent of the principal's default." In this opinion Judge Dargan agrees with him. The point stated by Judge Chilton is the precise point in this case ; and the law as stated by him is amply sustained by all the authorities.

The account of William Knox was allowed on the 29th of June, 1868, being the only account ever filed by him in reference to said estate. On the 15th of June, 1868, Jones is finally discharged from all debts and claims which were provable against his estate on the 24th of February, 1868. Certainly the allowance of Knox's account created no claim against the estate of Jones; that account was not allowed on the 24th of February, 1868. If the proposition had been made to prove it as a claim against Jones, the answer would have been that no liability had been

fixed on either Jones or Knox; that the account was evidence only; that Knox had to account for the balance thus found against him. It was no evidence that he had to *pay* that amount of money; it was evidence only that he had to *account* for that sum. No man could have known that Jones would ever be called upon for that money. The condition of the bond is, "if the said William Knox shall well and truly perform all the duties which are or may be required of him by law as such guardian." How could it have been ascertained at that time what duty Knox had neglected? or that he had neglected any? Or how could the damages have been ascertained? No liability attached to Jones until Knox's default had been found by law. It was not yet fixed; that is the question now being tried in this court. The liability of Jones depends upon the liability of Knox. If it should be shown in this case that Knox had properly administered the estate, and had properly invested the money, no liability would attach, although the money was lost. It can not be ascertained, until this case is determined, whether Knox is liable at all as guardian. The account is *prima facie* evidence against him, but he may shew what disposition was made of the money. Such inquiries certainly could not be made in proving a debt against a bankrupt estate. In the language of Judge Chilton, in *Turner v. Esselman, supra,* "This would in many cases be impracticable, and would have rendered the law in such cases nugatory, by involving the court in inextricable difficulties and delays." See Hilliard on Bank. 304, § 103; *The Owners of St. Martin v. Warren,* 1 Barn. & Ald. 491.

3. Knox was guardian when Jones was discharged as a bankrupt; he had committed no default then; but according to the argument of counsel, his sureties would cease to be his sureties whenever they thought proper to go into bankruptcy. The law in this State is, that the sureties are bound until their successors are qualified. Who has been Knox's surety since Jones' bankruptcy? There is no order of court relieving him. The suretyship of Jones continued in spite of his bankruptcy, and it was impossible

for him to relieve himself of it, except in the way pointed out by statute. His liability is continuous, and goes on from day to day.

4. The object of the bill is to obtain a final settlement of the guardianship, and to ascertain the extent of the liability of Knox, and at the same time to fix the liability of the sureties, the only parties now in being.

The jurisdiction of the court of chancery in such cases is so well established that no authority need be cited on that point.

B. F. SAFFOLD, J.—The purpose of the bill filed by the minor, was to obtain a settlement of his guardianship in the chancery court. The sureties of the guardian were alone made defendants on the allegation that the guardian had died insolvent and bankrupt, leaving no assets whatever.

A demurrer to the bill, on the ground that a representative of the deceased guardian was a necessary party defendant, was properly overruled. Equity never requires the performance of a useless ceremony. The appointment of an administrator would have caused some expense, while it could afford no possible advantage to the sureties.— *Frowner v. Johnson*, 20 Ala. 477 ; *Vanderveer v. Alston*, 16 Ala. 494.

The allegation also showed the necessity of the chancery jurisdiction, because the probate court was only authorized to settle the accounts of the guardian with his representative.—Revised Code, §§ 2324, 2326.

Is the defendant Jones' discharge in bankruptcy a protection against his liability as surety on the guardian's bond? It absolved him from all debts and claims provable against his estate which existed on the 24th of February, 1868. An account filed for settlement by the guardian on the 8th of February, 1868, showed a liability existing at that date against him as great as the amount recovered by the decree. No breach of trust is alleged or proved to have been committed after the filing of Jones' petition in

bankruptcy. Unless the liability of the surety is fiduciary, the discharge released him from it.

In *Turner v. Esselman*, ( .5 Ala. 690,) a discharge in bankruptcy of the surety of a guardian under the bankrupt act of 1841, was held not to protect him against a statute judgment obtained after his discharge, on the ground that the debt was not provable, and, as declared by Judge Dargan, that it was a fiduciary debt. The act of 1867 is essentially different in this respect from that of 1841. The 19th section includes, among the debts and claims provable, all cases of contingent debts and *contingent liabilities* contracted by the bankrupt, and not therein otherwise provided for. The creditor is allowed to " make claim therefor, and have his claim allowed, with the right to share in the dividends, if the contingency shall happen before the final dividend ; or, he may at any time apply to the court to have the present value of the debt or liability ascertained and liquidated, which shall then be done in such manner as the court shall order, and he shall be allowed to prove for the amount so ascertained."

The liability of the sureties of a guardian attaches whenever the guardian receives property of his ward, and becomes a debt on, and to the extent of, the guardian's default, with a right of action accruing in law against them on the rendition of a decree or judgment ascertaining the fact and amount of the default.— *Ward & Davis v. Yonge, adm'r*, January term, 1871. It is a contingent liability, within the comprehensive meaning of section 19 of the bankrupt law of 1867, capable of being fixed, or having its present value ascertained by the modes therein indicated. And it is the contract imposing the liability from which the party is relieved.

The exception from discharge, under the 33d section of the law, of debts created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, from its very comprehensiveness, conveys, as a reason for the exception, the idea of some moral turpitude or culpable neglect of duty. The sureties of a guardian have no control of his conduct.

Their obligation is entirely different from his. They undertake to pay money on his account, while he, in addition, engages to be honest and faithful and careful. It is for failure in this latter respect that the law refuses to release him from his debt. The liability of the sureties was not of a fiduciary character.

The decree is reversed, and the cause remanded.

To an application for re-hearing, the following response was made:

SAFFOLD, J.—We think it is the contract or obligation to be liable for the default of the guardian that the discharge in bankruptcy relieves from, and not the mere liability when fixed. There is no difficulty in ascertaining the amount of the claim to be filed for allowance. It might be done by calling the guardian to a settlement.

A re-hearing is denied.