GEO. W. McMINN *et al. vs.* J. H. ALLEN, THOMAS A. ALLEN and others.

A surety, on the official bond of a defaulting Constable, is entitled to the benefits of a discharge under the Bankrupt law, from the liabilities of the bond consequent upon the Constable's default.

DEBT, begun in HENDERSON Superior Court in 1867, and tried at Spring Term, 1872, before *Henry, J.*

The case is sufficiently stated in the opinion of the Court. His Honor having ruled that the discharge in Bankruptcy of the defendant, Thomas A. Allen, would not avail, and refused to allow it to be set up, said defendant appealed.

*Battle & Son,* for the plaintiff.
*Folk,* for the defendants.

BOYDEN, J. This was an action of debt, commenced under our former system, upon a constables bond, the defendant, Thomas A. Allen being one of the sureties of the constable. The defendant, after the suit had pended several years, was adjudicated a bankrupt, upon his own petition, obtained his certificate of discharge, and pleaded the same in bar of the recovery. The only question in the cause is, whether, under the bankrupt law, a surety on the official bond of a constable, having complied with all the requirements of the law, and obtained his discharge, this discharge can avail in relieving him from his liability as surety upon the official bond of the constable.

The 33d section of the Bankrupt law provides " that no debt created by fraud or embezzlement, of *the bankrupt*, or by *his* defalcation as a *public officer*, or while acting in a fiduciary character, shall be discharged under this act ;" and it is here gravely urged on the part of the plaintiff, that a surety on the

official bond of a constable comes within one of the exceptions of the above recited clause.

Has the defendant been guilty of any defalcation, as a *public Officer?* This is not pretended. Has he been acting in a fiduciary character? Not at all. But it is urged that his principal has been guilty of a defalcation as a public officer. Admitted! But why should that prevent an innocent surety from obtaining his discharge as a bankrupt? Can any reason be given for his exclusion from the benefit of this wise law? Are not the exemptions from its benefit, on account of the real or supposed moral delinquency of the party himself, who applies for his discharge? It would seem that mere sureties, guilty of no default, the very head and front of whose offending was too much confidence in a friend or neighbor, should, in preference to all others, be entitled to the benefit of the bankrupt law.

And the amendatory act of 1868 plainly shows that mere surety liabilities are regarded by the act with more favor than the liabilities as principal debtors, as it provides that to obtain a discharge under this amendment, a debtor whose assets shall be equal to fifty per centum of the claims proved against his estate, upon which he shall be liable as principal debtor, shall be entitled to his discharge, without regard to his liabilities as surety. And it further provides, that by the written assent of a majority in number and value of his creditors to whom he shall have become liable as principal debtor, and who shall have proved their claims, he shall still be entitled to his discharge, without regard to the amount of his liabilities as surety, and without regard to the wishes of such creditors.

There is error. This will be certified.

Per Curiam.                    *Venire de novo.*