————o————

WESLEY HALLIBURTON, Appellant, *vs.* CALVIN T. CARTER, Respondent.

1. *Guardian—Defalcation by—Liable after discharge in bankruptcy for money paid by surety, when.*—Where a guardian makes default, and his surety is forced to pay the deficit, the principal remains liable to his surety, notwithstanding the discharge of the former in bankruptcy, for the full amount paid on his behalf. (Nat. Bkptcy. Act, §§ 19, 32, 33, 35.)

2. *Surety—Money paid by, for principal—Recoverable how—Implied promise.*— The law is well settled that where a surety pays the debt of his principal, an implied promise on the part of the latter arises to refund the money, and the money may be recovered in an action at law.

*Appeal from Linn Circuit Court.*

*Geo. W. Easley*, for Respondent.

I. While it has seldom been decided under the Act of 1867, it has been repeatedly held, under the Act of 1841, that a discharge is a bar to any claim by a surety for money which he has been compelled to pay for the bankrupt, after his discharge, on a contract made prior to his bankruptcy. (Mace vs. Wells, 7 How., 272; Crafts vs. Mott, 4 N. Y., 603; Butcher vs. Forman, 6 Hill, 583; Morse vs. Hovey, 1 Sandf. Ch., 187; Fulwood vs. Bushfield, 14 Penn. St., 90; Cake vs. Lewis, 8 Penn. St., 493; Mullin vs. Penn. Township Bank, 2 Penn. St., 343; Hardy vs. Carter, 8 Humph., 153.). There is no fiduciary relation here, between principal and surety. The contract of the guardian to his ward is, that he will discharge his duties according to law— the contract of the surety is—that if guardian does not do

so, he will pay the damages. The contract between the parties to the action, ought to determine whether they are acting in a fiduciary character or not, and this contract does not place the parties in any confidential relation. (Jones vs. Knox, 46 Ala., 53.)

II. Nor can the doctrine of subrogation be invoked for the purpose of holding, that if the debt is not discharged as against the ward, it is not against the surety. The right of subrogation, is only the right to be substituted to all the rights of the creditor which are collateral to the main contract; that is, if the creditor has any security for his debt, or any preference in time or amount is given him, or he has a lien on any specific fund or property, or his debt is a bonded one, when there is a distinction between specialities and simple contracts, the surety on payment becomes substituted to that right. (1 Sto. Eq., §§ 499b, 499c; Pierson vs. Catlin, 18 Vt., 77; Allen vs. Ogden, 12 Vt., 9; Miller vs. Woodward, 8 Mo., 169; Crump vs. McMurtry, 8 Mo., 408; Smith vs. Schneider, 23 Mo., 447.)

*G. D. Burgess*, for Appellant.

I. A discharge in bankruptcy does not relieve a guardian from his fiduciary obligations as such, and if his surety discharges them and obtains a judgment therefor, he may levy upon the property of the bankrupt, acquired after his discharge. (Carlin vs. Carlin, 8 Bush., 141.)

In the present case the surety is entitled to all the rights and equities of the ward of Carter, and if Carter could not be discharged as against his ward, he could not as against his surety.

ADAMS, Judge, delivered the opinion of the court.

On the 5th day of July, 1862, Collin T. Carter was duly appointed guardian of the person and curator of the estate of William W. C. Moore, a minor, and on the same day executed his bond, with the plaintiff and others as his sureties. He made his last annual statement or report of the estate of his

ward, on the 8th day of January, 1861, shortly after which time, he became non-resident, and was for that reason removed from the guardianship and curatorship of said ward on the 7th day of January, 1867, by the Probate Court of Linn county, and another curator was appointed for the said minor. Carter never made any report of the condition of his trust, after the 8th day of January, 1861, and never accounted for the balance of $3,411.87; then shown to be in his hands belonging to his ward.

On the 26th day of January, 1867, suit was brought on the bond of Carter, and Halliburton was served with summons therein, on the 6th day of February, 1867, and judgment was rendered against Halliburton and Sandusky therein, on the 15th day of June, 1869, which was afterwards modified by this court (See State, &c., *ex rel.* Moore by guardian vs. Sandusky, 46 Mo., 377); and judgment rendered against two of the sureties for $4000, which the said Halliburton fully discharged on the 20th day of December, 1870.

On the 29th day of February, 1868, the defendant Carter, was on his own petition adjudged a bankrupt by the District Court of the United States, for the Western District of Missouri, and a discharge in bankruptcy was granted to him on the 8th day of December, 1868. The appellant now seeks in this action to recover from the defendant the money so paid by him on said judgment, and the respondent interposes his discharge in bankruptcy as a defense, and the only question presented by this record is, whether the respondent is protected by said discharge in bankruptcy from the payment of said demand. This question was raised by the evidence, and instructions given and refused, and was decided by the Circuit Court in favor of the defendant. It is manifest from this statement that the solution of the point in dispute, depends upon the proper construction to be given to the bankrupt's discharge under the Act of Congress of 1867.

Section 32 of that act declares, that the court shall grant him a discharge from all his debts, except as therein afterwards provided. This section also prescribes the form of a

certificate of discharge which contains the exception in this language, "excepting such debts, if any as are by said act excepted from the operation of a discharge in bankruptcy."

By section 33 it is provided "that no debt created by fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act, but the debt may be proved, and the dividend thereon shall be a payment on said debt, and no discharge granted under this act shall release, discharge or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety or otherwise."

Section 35 provides "that a discharge duly granted under this act shall, with the exceptions aforesaid, release the bankrupt from all debts, claims, liabilities and demands which were, or might have been proved against his estate in bankruptcy, and may be pleaded by a simple averment, that on the day of its date such discharge was granted to him, setting the same forth in *haec verba* as a full and complete bar to all suits brought on any such debts, claims, liabilities or demands, and the certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge."

By section 19 of the same act it is provided that any person liable as surety, &c., for the bankrupt, who has paid the debt or any part thereof in discharge of the whole, shall be entitled to prove the debt or stand in the place of the creditor if he shall have proved the same, &c.; and any person so liable as surety, may if the creditor shall fail or omit to prove the debt, prove the same either in the name of the creditor or otherwise as may be provided by the rules, &c. These are all the provisions of the bankrupt law bearing on the question under consideration.

The defalcation of the defendant on his bond as guardian, beyond all controversy constituted a debt which was created while he was acting in his fiduciary character; it was therefore excepted from the operations of his discharge in bankruptcy, and continued against him after his discharge in full force,

and with all of its incidents as before, and the plaintiff stood as his surety, after the discharge, precisely as he had done before the proceedings in bankruptcy. Their obligations towards each other and in regard to the ward remained the same; one was the principal, and the other the surety, for the same debt or defalcation. The law is well settled that where a surety pays the debt of a principal, an implied promise on the part of the latter arises to refund the money. It is considered as money paid and expended for the use of the principal by the surety, and may be recovered by him as such in an action at law. The point is made here, that although the debt or defalcation in favor of the ward was not discharged, yet the contingent liability of the principal to his surety was released on the ground, that such liability is not of a fiduciary character. The statute in my judgment will not bear this construction. Where the principal is released from a debt by his discharge in bankruptcy, he would also be released from his contingent liability to his surety for the same debt; but when the debt itself remains unaffected by the discharge, there can be no reason why the surety for the same debt should not retain all his rights against the principal. (Carlin vs. Carlin, 8 Bush., 141.) The case of Jones vs. Knox, (46 Ala., 53,) relied on by counsel for defendant, is not in conflict with the doctrines here contained. That case was a suit against a surety on a guardian's bond, in which the court held that the surety does not occupy a fiduciary relation towards the ward of his principal, and that a discharge of the surety in bankruptcy, discharges his contingent liability as surety on the guardian's bond.

Let the judgment be reversed, and the cause remanded. All the judges concur.