JOHN REITZ, Impleaded, etc.

*v.*

THE PEOPLE, for the use of MARY L. STARK.

1. BANKRUPTCY — *discharge in, releases surety from liability on guardian's bond.* The liability of a surety on a guardian's bond, before breach in the condition of the bond, is a conditional liability, within the meaning

of the second clause of section 19 of the Bankrupt Law of March 2d, 1867, and a discharge in bankruptcy releases the surety from such liability.

2. SAME—*liability of surety not a debt created in a fiduciary capacity.* The liability of a surety upon a guardian's bond is not a debt created by him whilst acting in a fiduciary character, within the meaning of the exception in the Bankrupt Act, which provides that no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation in a public office, or while acting in a fiduciary capacity, shall be discharged under the act.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

This was an action of debt upon a guardian's bond, in which the surety set up, as a defense, a discharge in bankruptcy. The court below decided that the discharge in bankruptcy did not release the surety on the guardian's bond, and rendered judgment against him, to reverse which judgment he brings the record into this court.

Mr. WILLIAM WINKELMAN, for the plaintiff in error.

Mr. GREENE P. HARBIN, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

It is provided by one of the clauses of section 19 of the Bankrupt Law of March 2d, 1867, that, "in all cases of contingent liabilities contracted by the bankrupt, and not herein otherwise provided for, the creditor may make claim therefor, and have his claim allowed, with the right to share in the dividends, if the contingency shall happen before the order for the final dividend; or he may, at any time, apply to the court to have the present value of the debt or liability ascertained and liquidated, which shall then be done in such manner as the court shall order, and shall be allowed to prove the amount so ascertained." Bump on Bankruptcy, (6th Ed.) 402.

That the liability of a surety on a guardian's bond, before breach in the condition of the bond, is a contingent liability, we think, can admit of no question.

The Bankrupt Law of 1841 declared that all "uncertain or contingent demands against such bankrupt should be discharged by the certificate." It was held, in *Bates* v. *West*, 19 Ill. 134, under that language, that a discharge in bankruptcy was a good defense to an action upon a covenant of warranty, which was not broken until the certificate was granted.

In *Jones* v. *Knox*, 46 Ala. 53, it was held, under the clause quoted from the act of March 2d, 1867, that the liability of a surety on a guardian's bond is a contingent liability, and that a discharge in bankruptcy releases the surety from such liability.

The contingency upon which appellant's liability as surety was fixed occurred on the 1st day of February, 1873, and the order for the final dividend was not made until the 6th day of April, A. D. 1874. There was, therefore, ample time in which the present claim could have been made, so as to entitle it to participate in the bankrupt's estate, in the hands of the assignee.

The effect of the discharge of appellant as a bankrupt, is, to release him from all debts, claims, liabilities and demands, which were or might have been proved against his estate in bankruptcy. Bump on Bankruptcy (6th Ed.) 524.

An exception in the provisions of the Bankrupt Act is, that no debt, created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under the act; and it is argued that, inasmuch as the guardian is acting in a fiduciary character, he could not be discharged as a bankrupt; and that the liability of the surety is co-extensive with that of his principal, and therefore he can not be discharged.

The guardian is liable on account of his fiduciary character, aside from his bond. Even if his bond were invalid on account of material errors and omissions in its language, he would still be personally liable for any failure to discharge the duties of his trust with fidelity, to the same extent he would have been had his bond been in all respects valid. The surety, however, merely guarantees the acts of his principal. No trust or con-

fidence is reposed in him. He has nothing to do with the person or property of the ward, and has no control over the conduct of the guardian. He is liable simply on his contract, and according to its terms. We perceive no difference in principle between his failure to comply with this, and any other contract he might make, in which the ward is interested. Certainly the liability of the surety upon the bond of the guardian can not, by any fair construction of language, be said to be a debt created by him while acting in a fiduciary character, so as to bring it within the exception referred to.

The same view of the law has been taken in *Jones* v. *Knox, supra.* See, also, *Amoskeag Manuf. Co.* v. *Barnes,* 49 N. H. 312; *Bowie* v. *Puckett,* 7 Humph. (Tenn.) 161.

We are of opinion, for the reasons given, that there was error in the finding and judgment of the court below.

The judgment is reversed and the cause remanded.

*Judgment reversed.*