T. D. PADDLEFORD ET AL. *v.* THE STATE, USE, ETC.

1. SUIT ON BOND. *Ambiguity.   Evidence.*
    If an administration bond fails to state which of the obligors is admin-
        istrator, it is not fatally ambiguous, but may be explained by the
        record of his appointment.
2. SAME. *Variance.   Pleading according to legal effect.*
    ·Such bond should be admitted in evidence, if declared on according to
        its legal effect by distinguishing the administrator from the sure-
        ties.
3. BANKRUPTCY. *Discharge.   Surety on bond.*
    A surety who signs an administration bond before his adjudication in
        bankruptcy is not released from a liability thereon accruing after his
        discharge.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

The defendant in error, to recover a balance found due, Jan. 14, 1878, on final settlement of an estate, filed a declaration on the administration bond, alleged to be signed by Joseph E. Davis as principal, and T. D. Paddleford and S. S. Heard as sureties, and also filed, therewith, a bond signed by these persons, conditioned in the form prescribed by Code 1871, § 1118, except that it failed to state which of the "above bound" obligors was administrator. The suit was dismissed as to Davis. Paddleford and Heard pleaded *non est factum*, and the latter his discharge in bankruptcy. Trial by jury being waived, the court gave judgment against Paddleford and Heard, the plaintiffs in error. The bond filed with the declaration was offered in evidence by the plaintiff, but excluded for variance. The plaintiff then presented Davis's petition for administration, his oath of office, his letters, and the decree appointing him administrator, dated March 3, 1868, which recited that he had executed bond with T. D. Paddleford and S. S. Heard as sureties, and, with this explanatory evidence, again tendered the bond, which was admitted, notwithstanding the defendants' objection. Heard then read his discharge in bankruptcy, dated Aug. 16, 1869, from all liabilities existing March 24, 1868, saving such debts as are excepted from the operation of the bankrupt act.

*T. J. & F. A. R. Wharton*, for the plaintiffs in error.

1. The bond was void because of the patent ambiguity in not stating which of the obligors was the administrator. It did not refer to any extrinsic matter or thing explaining whose name was intended by the phrase "above bound." In *McGuire* v. *Stevens*, 42 Miss. 724, it is said that extrinsic evidence as to what the party intended to express, is obviously calculated to throw no light on the matter. No contract will be enforced unless its meaning can be ascertained from the instrument itself, or something to which it refers. *Peacher* v. *Strauss*, 47 Miss. 353; *Holmes* v. *Evans*, 48 Miss. 247; *Eskridge* v. *Eskridge*, 51 Miss. 522; *Bowers* v. *Andrews*, 52 Miss. 596; *Cogburn* v. *Hunt*, 54 Miss. 675; *Selden* v. *Coffee*, 55 Miss. 41; *Lee* v. *Newman*, 55 Miss. 365; *Kelly* v. *Reid, ante*, 89; *Parkhurst* v. *Van Cortlandt*, 1 Johns. Ch. 273. The bond would not be more fatally defective if it omitted the name of the obligee or the penalty, or if it was not signed.

2. The bond was inadmissible under the declaration which counted on a bond executed by Davis as administrator. *Carter* v. *Preston*, 51 Miss. 423. With the accompanying proof it was not legal evidence without an amendment of the declaration, under Code 1871, §§ 621, 623. However unnecessary an amendment obviating the objection of variance may be, it is the course of prudence; for on it may rest a just defence. The rule is as inflexible in equity as at law. *Pinson* v. *Williams*, 23 Miss. 64; *Kidd* v. *Manley*, 28 Miss. 156; *Bowman* v. *O'Reilly*, 31 Miss. 261; *Fatheree* v. *Fletcher*, 31 Miss. 265; *Shaw* v. *Brown*, 35 Miss. 246; Story Eq. Pl. §§ 27, 257, 258.

3. By reason of his discharge in bankruptcy, Heard was entitled to a judgment in this case. Bankrupt Act, § 19; U. S. Rev. Stats. §§ 5067, 5068. The statute provides that the creditor may make claim "in all cases of contingent liabilities" or for "unliquidated damages arising out of any contract." In either case the liability was provable against the bankrupt's estate, and his discharge released him therefrom. Bankrupt Act, §§ 32, 34; U. S. Rev. Stats. §§ 5115, 5117, 5119; Bump on Bankruptcy, 87; *In re Clough*, 2 N. B. R. 151. It has been decided that a surety on a bond to the United States is not released by his discharge in bankruptcy; but the

reason given, to wit, "because the United States, not being specially named in said act, cannot be regarded as a creditor," indicates that the opinion of the court was that the discharge would bar any such claim not payable to the government. *United States* v. *Herron,* 20 Wall. 251.

*W. Calvin Wells,* for the defendant in error.

1. Heard was not discharged from obligation on the bond by the Bankruptcy Court. The discharge releases the bankrupt only from such claims as are provable in bankruptcy. *Jacobson* v. *Horne,* 52 Miss. 185. At the date of his discharge Davis had incurred no liability to the estate. The claim cannot be proved unless the contingency on which it depends happens before the order for the final dividend out of the bankrupt's assets. Bump on Bankruptcy, § 5068. The courts distinguish between a contingent demand and the contingency whether there will ever be a demand. *Woodard* v. *Herbert,* 24 Maine, 358 ; *Eastman* v. *Hibbard,* 54 N. H. 504 ; *Hinton* v. *Acraman,* 2 C. B. 367 ; *Riggin* v. *Magwire,* 15 Wall. 549 ; *Fowler* v. *Kendall,* 44 Maine, 448.

2. Extrinsic evidence was clearly admissible to show which of the three obligors was administrator. It was a latent ambiguity explainable by other testimony. *Bowers* v. *Andrews,* 52 Miss. 596. The bond showed what was intended, and came within the case of *County of De Soto* v. *Dickson,* 34 Miss. 150. It was valid by reason of Code 1857, p. 139, art. 201 : *Boykin* v. *State,* 50 Miss. 375 ; and was part of a record, all of which was admissible to show the liability of the obligors.

CAMPBELL, J., delivered the opinion of the court.

An examination of the whole record of the grant of administration removes all uncertainty as to the bond. The perusal of the condition suggests no incurable uncertainty as to who is administrator. It recites that the " above bound " are administrator. Three persons were the " above bound," all of whom were administrator, according to the recital ; but the extrinsic evidence shows that Davis was administrator, and the other persons were sureties on his bond as such. The bond was declared on, according to its legal effect, and was properly admitted in evidence.

The discharge in bankruptcy of Heard, and, as may be justly supposed, the settlement of his estate as a bankrupt, occurred before any breach of the bond on which he was surety. It is inconceivable how any claim or demand against his estate could have been proved by reason of his suretyship on the bond. It was an administrator's bond executed on March 3, 1868. Heard petitioned to be adjudicated a bankrupt on March 24, 1868, and was discharged as such on Aug. 16, 1869. No breach of the bond occurred until several years thereafter elapsed. Until a breach of the condition of the bond, what demand could have been made against the surety? True, he had *contracted* to be liable on the bond for the faithful administration, by his principal, of the estate ; but unless some default should be made therein by his principal, he could never be required to pay anything. No default had been made, and it could not be assumed that any would occur. Was it admissible to calculate the chances of a breach of the bond, and fix the sum for which a claim might be proved against the bankrupt's estate? How would this calculation have been made? And, if made, and the amount fixed and proved, and a dividend received, it might have resulted that no breach of the bond occurred, and that an allowance had been made and payment made for a liability which never happened.

Under the Bankrupt Act of 1841, it was held that " as long as it remained wholly uncertain whether a contract or engagement would ever give rise to an actual duty or liability, and there was no means of removing the uncertainty by calculation, such contract or engagement was not provable." *Riggin* v. *Magwire*, 15 Wall. 549. Although the language of the Bankrupt Act of 1867 is somewhat different from that employed in the act of 1841, it is true, under the act of 1867, that a discharge in bankruptcy has no effect on demands or liabilities which could not be proved against the estate of the bankrupt. That is the language of the law. " A discharge . . . shall . . . release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy." Provability against his estate in bankruptcy, as a means of sharing in the assets, is the test of whether a claim was discharged by the discharge of the bank-

rupt. We have assumed the impossibility of so proving any claim, liability or demand against Heard, by reason of his execution of the bond sued on, as to entitle any one asserting such claim to share in his estate as a bankrupt, and it follows that his liability on the bond for any breach of its condition, occurring after the settlement of his estate in bankruptcy, was not affected by his discharge. The engagement as surety existed at the time of his petition for adjudication as a bankrupt ; but for years after that it remained wholly uncertain whether this engagement would ever give rise to an actual liability, and no calculation could remove the uncertainty, or estimate the value in money of the possibility, that the engagement might ripen by time and events into an actual liability. *Jacobson* v. *Horne*, 52 Miss. 185; *Loring* v. *Kendall*, 1 Gray, 305 ; *French* v. *Morse*, 2 Gray, 111 ; *Woodard* v. *Herbert*, 24 Maine, 358, and cases there cited ; *Eastman* v. *Hibbard*, 54 N. H. 504 ; *Greenville & Columbia Railroad Co.* v. *Maffett*, 8 S. C. 307. In *Jones* v. *Knox*, 46 Ala. 53, and *Reitz* v. *People*, 72 Ill. 435, the contingency upon which the surety's liability on the bond became fixed, occurred in time for a demand on account of this liability to be proved against his estate in bankruptcy, and the surety was held to have been discharged by his discharge as a bankrupt. *McMinn* v. *Allen*, 67 N. C. 131, presents the case of an adjudication as a bankrupt on the petition of the applicant filed several years after the commencement of the action for a breach of the bond sued on, and the discharge in bankruptcy was held to discharge the liability on the bond broken long before. *Choate* v. *Quinichett*, 12 Heisk. 427, is a case in which a surety on a replevin bond, conditioned for the forthcoming of property to abide the judgment of the court in an action of replevin, was held to be discharged by his discharge in bankruptcy, the adjudication and discharge both occurring pending the suit in which the bond was given and after its execution. We are not willing to follow this decision. In the absence of a decision by the Supreme Court of the United States as to the scope of the discharge in bankruptcy as affecting engagements of the bankrupt before his bankruptcy, such as we have under consideration, we adopt the views above expressed.                                    *Judgment affirmed.*