No. 8312.

McDONALD ET AL. *v.* THE STATE, EX REL. SCOTT, GUAR-
DIAN.

BANKRUPTCY.—*Discharge of Sureties on Guardian's Bond.*—In an action
on a guardian's bond for a defalcation by the guardian, an answer by
the sureties, alleging their release from liability on the bond by a dis-
charge in bankruptcy, is sufficient on demurrer, their liability thereon
not being of a fiduciary character, and their obligation being en-
tirely different from that of the guardian.

From the Crawford Circuit Court.

*W. N. Tracewell, N. R. Peckinpaugh* and *W. T. Ze-
nor,* for appellants.

*E. M. Tracewell* and *S. M. Stockslager,* for appellee.

NIBLACK, J.—On the 26th day of November, 1870, Caleb
Gregory was duly appointed guardian of the persons and
estates of the minor heirs of William L. Patten, deceased,
and gave bond in the penal sum of one thousand dollars,
with Sabre J. Cuzzort, Malachi Monk, William H. Longest,
Elias McDonald, Joseph Longest and Hiram B. Gregory as
his sureties. Afterward there came into his hands as such
guardian assets amounting to the sum of $736.46.

On the 9th day of December, 1873, being required so to
do by the proper court, the said Caleb Gregory, with his
sureties, executed an additional bond, as such guardian, in
the penal sum of five hundred dollars.

On the 11th day of March, 1875, Gregory resigned his
trust as guardian, and, on the 26th day of December, 1877,
John M. B. Scott was appointed as his successor in such
guardianship. After his appointment as guardian, Scott,
in the name of the State on his relation, commenced two
suits against Gregory and his sureties, one on each of the
bonds executed by them as above stated, charging in both
cases that Gregory had converted the assets which had come
into his hands as guardian, to his own use, and had refused

to account for the same. These actions were afterward consolidated and tried together as one action.

Elias McDonald, one of the defendants, answered to both actions, admitting the execution of the bonds sued on, but averring that, after the execution of such bonds, and after he had become liable thereon as the surety of Gregory, the principal, as charged, he duly filed his petition in the District Court of the United States for the district of Indiana, praying that he might be adjudged a bankrupt ; that his petition was accompanied by an inventory of all his property, rights, credits and choses in action, as also a schedule of all his debts and liabilities of every description whatever ; that the liabilities on the guardian's bonds then in suit were embraced in said schedule ; that such liabilities were provable under the law then in force regulating the settlement of estates in bankruptcy ; that such proceedings were afterward had on said petition in said District Court of the United States, that he was, on the 21st day of December, 1876, fully and finally discharged from all debts and liabilities against him, which existed at the time of the filing of his petition in bankruptcy ; wherefore he claimed that such discharge in bankruptcy was a bar to both of said actions as against him.

Joseph Longest, another of the defendants, answered, setting up his discharge in bankruptcy in substantially the same form as that used by McDonald, as above set forth. Demurrers were severally sustained to both of these answers. Issue being joined, the cause was tried by the court, the result being a finding for the plaintiff, and the assessment of the damages at the sum of $604.73. Judgment was rendered upon the finding against all of the defendants.

Only McDonald and Longest have appealed, and they, among other things, have assigned error upon the decisions of the court sustaining the demurrers to their respective answers setting up their discharges in bankruptcy.

McDonald *et al. v.* The State, *ex rel.* Scott, Guardian.

No brief has been filed by the appellee. We have conse-
quently no argument against the sufficiency of the answers,
upon which questions are thus raised by the appellants.
Counsel for the appellants inform us that these answers
were held to be bad upon demurrer, upon the ground that
the liability incurred by both Gregory and his sureties was
on account of a defalcation by Gregory in his fiduciary ca-
pacity as guardian, and that, as against such a defalcation,
neither he nor his sureties could be discharged by proceed-
ings in bankruptcy. It is true that the liability incurred by
Gregory was one from which he could not have been dis-
charged under the bankrupt act (see section 33 of that act),
but the prohibition against his discharge did not extend to
his sureties.

Bump, in his work on Bankruptcy, at page 731, says:
"The liability of a surety on a guardian's bond is not a fidu-
ciary debt. The sureties of a guardian have no control of
his conduct. Their obligation is entirely different from his.
They undertake to pay money on his account, while he in
addition engages to be honest, faithful, and careful. It is
for failure in this latter respect that the law refuses to re-
lease him from his debt." The distinction thus observed
between the character of the obligation assumed by a guar-
dian, and that entered into by the sureties on his bond, is
well sustained by the authorities, and by what we regard as
a fair construction of the bankrupt act, independently of
the authorities cited by the author. The prohibition against
a discharge from a fiduciary debt is, by its terms, limited to
a debt created by the defalcation of the bankrupt himself in
some fiduciary character. See section 33, *supra*. If, there-
fore, the court below sustained the demurrers to the an-
swers under consideration, for the reason stated by counsel
for the appellants, we are of the opinion that it erred in its
application of the law to the facts contained in those an-
swers. An examination of those answers has suggested
nothing to us against their sufficiency upon demurrer.

As to the appellants McDonald and Longest the judgment is reversed, with costs, and the cause remanded for further proceedings as to them.