IDA L. MURRAY *vs.* EDGAR M. WOOD, assignee.

Berkshire. Sept. 15, 1886. — March 23, 1887. DEVENS, W. ALLEN, & C. ALLEN, JJ., absent.

A ward, after coming of age, is not entitled to prove, against the estate in insolvency of his guardian, a claim for the property which came into the hands of the guardian, until the latter has settled his account in the Probate Court, or until a judgment has been obtained upon his bond.

APPEAL, by the assignee in insolvency of the estate of William H. Murray, from a decision of the Court of Insolvency, allowing the claim of the plaintiff against said estate. Trial in the Superior Court, before *Thompson, J.*, who allowed a bill of exceptions, in substance as follows:

The plaintiff offered to prove that she was born on July 7, 1860; that William H. Murray, the insolvent debtor, who was

her father, was duly appointed her legal guardian by the Probate Court on April 2, 1878, and then took upon himself that trust, and had remained and acted as such guardian ever since; that he instituted proceedings in insolvency, and the time of the first publication of the notice of issuing the warrant upon his petition in insolvency was February 5, 1885, and the defendant was duly appointed assignee on March 3, 1885; that the insolvent, while guardian of the plaintiff, and prior to April 30, 1878, received into his hands as such guardian $2000 in money, her property, from the estate of his father, James J. Murray; that the sum claimed in this action was a large part of said $2000, with some interest accrued thereon; that the insolvent never received, or had in his hands as the property of the plaintiff, as her guardian, any other property; that she had not, and never had, any other property; that he had never had any sums due him from or charges to be made against the plaintiff as his ward, or against her said property; that at the time of instituting proceedings in insolvency, and long before that time, and while he was such guardian, the insolvent had appropriated to and for his own use and benefit in his own business, and without the consent of the plaintiff, all of the principal sum of said $2000; and that said William H. Murray had never filed any inventory, and had rendered no account as such guardian to the Probate Court, and had never been cited or requested by his ward or any one else to render such account to said court, but she knew that he owed her, as her guardian, said sum, and claimed it and demanded it of him.

The assignee contended that this action could not be maintained; that there was not a debt or claim which could, under the laws concerning insolvent debtors, be proved or allowed in the proceedings in insolvency, or could in law be prosecuted in the Superior Court, at least until the guardian of the plaintiff had rendered to and settled his account in the Probate Court; and asked the judge so to rule.

The judge ruled that the plaintiff could not prove her claim until the amount of the same had been ascertained and determined by the Probate Court in the settlement of the account of the insolvent debtor, as her guardian; and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*A. J. Waterman*, for the plaintiff.

*M. Wilcox & J. Dewey*, for the defendant.

FIELD, J.   Although Murray ceased to be guardian when his ward reached the age of twenty-one years, his liability on account of property which came into his possession as guardian cannot be determined by a Court of Insolvency.   His accounts are to be settled in the Probate Court.   If he refuses to settle his accounts, or to pay over to the ward the amount found due on such settlement, the remedy is by an action at law upon his bond, which must be brought in the Supreme Judicial Court in the name of the judge of probate.   Pub. Sts. *c.* 139, § 22; *c.* 143, §§ 18, 19.

It is probably true that, if he neglects or refuses to render any account, the Probate Court can still proceed to take an account, and determine how much is due from him, even if he is beyond the reach of process.   Such a proceeding may be necessary, when the bond for any reason was invalid, or the penalty was insufficient; but, until the amount has been determined in the Probate Court, an action cannot be maintained, either at law or in equity, in the name of the ward against a former guardian to recover what is due on a settlement.   As this amount had not been determined in the Probate Court, and as no suit had been brought and no judgment obtained upon the bond, the plaintiff had, when she presented her claim, no provable debt against the estate in insolvency.   *Brooks* v. *Brooks*, 11 Cush. 18. *Loring* v. *Kendall*, 1 Gray, 305.   *McLane* v. *Curran*, 133 Mass. 531.                                   *Exceptions overruled.*