ROLLIN E. HARMON, Judge of Probate, *vs.* WILLIAM J. McDONALD, administrator, & others.

Essex. November 18, 1904. — April 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Bankruptcy. Executor and Administrator. Bond.*

Where an administrator commits a breach of his bond and dies, and thereafter one of the sureties on his bond files a petition in bankruptcy and obtains a discharge, the discharge is a bar to an action against the bankrupt as surety on the bond, as the claim might have been proved in the bankruptcy proceedings. *Whether* the same rule applies in a case where the administrator has not died and there may be future breaches of his bond, *quære.*

LORING, J. This case was submitted to the Superior Court on an agreed statement of facts, from which it appeared that on June 12, 1899, one Kelley was appointed administrator of the estate of one Harney, and gave bond as such administrator, with the defendant Maguire and one Whitney as sureties.

The estate consisted of $1,088.04 in a savings bank. The administrator drew out $1,085 (leaving $3.04), appropriated it to his own use, and died. Afterwards the plaintiff was appointed administrator *de bonis non* of the estate of Harney, and brought a petition for leave to bring an action on the

administrator's bond. This was granted on July 30, 1900, and on October 8, 1900, the writ was taken out in the action now before us. On October 11, 1900, Maguire filed a petition in bankruptcy, and received his discharge on November 27, 1900. No proof was made against the estate in bankruptcy founded on this misappropriation by Kelley.

It does not appear when Kelley the administrator died, but it was before October 8, 1900, the date of the writ in the action now before us.

The Superior Court directed judgment to be entered for the plaintiff against the administrator of Kelley and the sureties. Maguire, one surety, has appealed. We are of opinion that his appeal must be sustained.

The ruling evidently was based on what Chief Justice Shaw said at the end of the opinion in *Loring* v. *Kendall,* 1 Gray, 305, 316, 317. But the decision made in *Loring* v. *Kendall* does not support the ruling made in the case at bar. What was decided in *Loring* v. *Kendall* was that a discharge in bankruptcy does not bar an action on a bond to recover for breaches committed after the date of the petition in bankruptcy in which the discharge was granted, where there were no breaches before the date of said petition. The case at bar is a case where the administrator died after committing the breaches here complained of and before the surety filed his petition in bankruptcy ; and therefore there could be no subsequent breaches. In such a case as that now before us, those damaged by the prior breaches have a right to participate in the assets of the bankrupt, and for that reason are barred by a discharge granted in bankruptcy proceedings subsequently begun. *Paddleford* v. *State,* 57 Miss. 118. *Woodard* v. *Herbert,* 24 Maine, 358. *Steele* v. *Graves,* 68 Ala. 17. *Fowler* v. *Kendall,* 44 Maine, 448. *Dyer* v. *Cleaveland,* 18 Vt. 241. For cases like *Loring* v. *Kendall,* in which it is held that a prior discharge does not bar future breaches, see *Eberhardt* v. *Wood,* 2 Tenn. Ch. 488, affirmed in 6 Lea, 467 ; *Jones* v. *Knox,* 46 Ala. 53 ; *Reitz* v. *People,* 72 Ill. 435 ; *McMinn* v. *Allen,* 67 N. C. 131 ; *McDonald* v. *State,* 77 Ind. 26. Such cases come within *Deane* v. *Caldwell,* 127 Mass. 242 ; *McDermott* v. *Hall,* 177 Mass. 224 ; *Mann* v. *Houghton,* 7 Cush. 592.

The cases of *Murray* v. *Wood,* 144 Mass. 195, and *In re Wise-*

*man,* 123 Fed. Rep. 185, relied on by the plaintiff, are cases where the right to sue on the bond had not become complete at the date of the bankruptcy proceedings. *Murray* v. *Wood* was an action on a guardian's bond. The condition of a guardian's bond is: " At the expiration of his trust to settle his account in the Probate Court or with the ward or his legal representatives, and to pay over and deliver all the property remaining in his hands or due from him on such settlement." R. L. c. 149, § 1, cl. 4. Until the amount due has been settled in the Probate Court no action can be maintained against the guardian. But that is not the condition of the bond of an administrator. On the contrary when the Probate Court is of opinion that there has been a breach of the bond the amount due is settled in an action on the bond after authority to bring such action has been given by the Probate Court, when authority to bring suit is necessary, as to which see R. L. c. 149, § 23. And, as we have said, such authority was given in the case at bar on July 23, 1900. The right to put the bond in suit thereby had become complete.

*In re Wiseman,* the other case relied on by the plaintiff, was an action on an administrator's bond, but in Pennsylvania the right to bring an action on an administrator's bond does not become complete until a devastavit has been established in the Orphans' Court or at law. See Pepper & Lewis' Digest, (Penn.) 1471, pl. 84 and note ; *Commonwealth* v. *Stub,* 11 Penn. St. 150 ; *Commonwealth* v. *Evans,* 1 Watts, 437. In the last of these cases it is pointed out that the law is otherwise in Massachusetts.

The difficulty which Chief Justice Shaw was dealing with at the end of the opinion in *Loring* v. *Kendall* is that which arises where there have been breaches of the bond before the date of the bankruptcy proceedings, and there may be breaches after that date. His difficulty seems to have been that but one judgment is ever entered on a bond ; that that judgment is for the penal sum, and stands for the protection of persons thereafter suffering from future breaches, as well as for the plaintiff who has brought suit on the bond to recover for past breaches ; that on proof of breaches subsequently occurring, execution is to issue under the old judgment. If under these circumstances proof were made in bankruptcy on the bond for past breaches, persons suffering from future breaches would be without remedy.

In *Greenville & Columbia Railroad* v. *Maffett,* 8 S. C. 307, it was decided that in case of a common law bond conditioned for the faithful performance of his duties by the principal obligor there is no such difficulty.

Whether there is or is not a difficulty in case of a common law bond or of a probate bond where there have been breaches before the date of the petition in bankruptcy and may be breaches after it, need not be decided in the case at bar, for, as we have said, in the case at bar the administrator died before leave to put the bond in suit was granted, and therefore there could be no future breaches of the condition of the bond now before us.

> *Judgment reversed; judgment to be entered for the defendant Maguire.*

*J. H. Pearl,* for the defendant Maguire.

*F. H. Pearl,* for the plaintiff.