IN THE MATTER OF P. D. KELLETT, JR., A BANKRUPT.

December 4, 1913.

*Bankruptcy—Discharge—Debt created by embezzlement:* A bankrupt is not deprived of his right to a general discharge, by reason of the fact that a debt due one of the creditors was created by embezzlement; but such debt is not to be affected by the discharge, being excepted from the order of discharge by Bankruptcy Act, sec. 17.

*In Bankruptcy:* On objection to discharge.

*J. A. Magoon,* objecting creditor, *pro se.*
*R. J. O'Brien (E. C. Peters* with him) for the bankrupt.

CLEMONS, J.  A creditor of the bankrupt objects to the bankrupt's discharge, assigning the ground that the whole of the debt due this creditor was "created by fraud, embezzlement and misrepresentation while acting in the fiduciary capacity as provided by section seventeen of the Bankruptcy Act of 1898 as amended," and alleging that this creditor, on June 13, 1908, had as surety for P. D. Kellett, Jr., guardian of Kan Yee, a minor, in a matter pending in the Circuit Court of the First Judicial Circuit,

Territory of Hawaii, made the said Kan Yee whole for his loss of about $2,344, suffered through the said Kellett's failure to faithfully perform his duty as said guardian, to-wit, the said Kellett's appropriation of said moneys to his own use. The bankrupt interposes a traverse to the creditor's objections, in which he makes a general denial of the allegations of the creditor and proffers the records and files of the Circuit Court in the matter of the guardian-ship. These records and files show, however, everything above alleged except the fact of misappropriation and the fact of payment by the surety, but the latter excepted fact has been conceded as also the fact that Kellett was ac-countable to the estate of his ward for some $2,344 which, as the records show, a judge of the Circuit Court had on April 23, 1907, ordered Kellett to pay, after having removed him as guardian because of his inability to produce that sum, or to "give any satisfactory statement as to where the same is now lying."

The creditor's objections have been argued orally, and in briefs, on the question of the bankrupt's right to a dis-charge solely on the merits of the above facts. See *Halliburton v. Carter,* 55 Mo. 435 (1874); also *Cromes v. Crome's Adm'rs.,* 29 Gratt (Va.) 280 (1877).

A reading of the statute, section 17, makes it very clear that the objections are vain at this time, and do not entitle the creditor to an order denying the discharge. Section 17 has declared what debts are not to be "affected by a dis-charge," and no order of mine could add anything to it: if this debt is "provable" and is "created by the bankrupt's fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity," then the law ipso facto operates to except it from the discharge, just the same as it does in case of taxes, alimony, etc., speci-fied in the same section. Moreover, it will be noted, as leading to this conclusion, that section 14 of the act, in specifying the facts for which the judge shall deny a dis-

charge, does not give fraud, embezzlement, etc., as grounds for such denial. And any order on this petition for adjudication must necessarily be without prejudice to the rights of the objecting creditor arising under section 17 from the facts above alleged.

Let the petition for discharge be granted.