FANNIE P. R. COLBY, administratrix *de bonis non* with the will annexed, *vs.* A. WARREN STEARNS, administrator.

Middlesex.   November 14, 1929. — February 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court*, Jurisdiction.   *Executor and Administrator*, Accounts.

A probate court has jurisdiction of a petition, by an administrator with the will annexed of the goods not already administered of the estate of one who died testate in the county where the petitioner was appointed, to compel the filing of an account by the administrator of the estate of one, who had been the petitioner's predecessor as executor and who had filed an inventory but no account and had died in that county leaving an estate which was insolvent.

PETITION, filed in the Probate Court for the county of Middlesex on July 8, 1929, and described in the opinion.

The petition was heard by *Harris*, J., who denied it "for want of jurisdiction." The petitioner appealed.

*F. M. Qua*, for the petitioner.

No argument nor brief for the respondent.

WAIT, J.   This is an appeal by the administratrix with the will annexed of the goods not already administered of the estate of Pamelia Richardson, late of Billerica, in the county of Middlesex, from a decree of the Probate Court for that county which dismissed, for want of jurisdiction, her petition that A. Warren Stearns of Billerica, administrator of the estate of John A. Richardson of Billerica be ordered to file an account of the administration of the

estate of Pamelia Richardson by his intestate. John A. Richardson had been executor of the will of Pamelia Richardson and had filed an inventory of real and personal property which came to his hands, but had died before rendering any account of his administration. His estate has been represented insolvent. No order has been made for suit upon his bond.

The only question raised is whether the court has jurisdiction to grant the petition. No statutory provision expressly conferring such authority is called to our attention, and no decision dealing directly therewith in our reports is cited. We have no doubt, however, that the court had jurisdiction to make the order requested. A similar order was made in proceedings which came before this court in *Forbes* v. *Allen*, 166 Mass. 569, 571, but no further reference is made to it in the decision. See also *Farrar* v. *Parker*, 3 Allen, 556.

By our law it is the duty of the executor or administrator of a deceased executor, administrator, guardian or trustee to render an account of the deceased's administration of his trust if the deceased has not accounted. *Foster* v. *Bailey*, 157 Mass. 160, 163, 169. *Storer* v. *Storer*, 6 Mass. 390. *Allen* v. *Hunt*, 213 Mass. 276, 279. *Ammidown* v. *Kinsey*, 144 Mass. 587. *Davis, petitioner*, 237 Mass. 47, 49. It is not readily to be admitted that where the duty exists there should be no power in the court to compel its performance. The power was taken for granted in *Gregg* v. *Gregg*, 15 N. H. 190, which was begun by such a petition. See 24 C. J., § 2316, note 66, for collection of cases in different jurisdictions in support of this power. Where, as in this Commonwealth, the representative of a deceased person is charged with all that he receives and is acquitted of only so much as he accounts for, we think a representative of the deceased representative must be regarded as receiving all with which the latter has charged himself and from which he has not shown himself to be discharged by an accounting. See *Michigan Trust Co.* v. *Ferry*, 228 U. S. 346.

The Probate Court for Middlesex County had jurisdiction of the administration of the estate of Pamelia Rich-

ardson. G. L. c. 215, § 3. See *Peters* v. *Peters*, 8 Cush. 529, and *Pierce* v. *Prescott*, 128 Mass. 140. Having entered upon the performance of that duty, its jurisdiction would end only with the final distribution of the property among creditors and those entitled to it by law. *Rolfe* v. *Atkinson*, 259 Mass. 76. *Jordan* v. *Turnbull*, 242 Mass. 317, 320. *Stockbridge, petitioner*, 145 Mass. 517. *Michigan Trust Co.* v. *Ferry, supra.* If, through the death of an executor or administrator, that distribution was interrupted, the court could appoint another person to complete it. G. L. c. 193, § 9. That other person can possess himself of the goods left undistributed by suit against the representative of the deceased. *Barlow* v. *Nelson*, 157 Mass. 395, 397, and cases cited. What, in fact, has been left unadministered must be determined by an account of the deceased's administration. The deceased's representative may insist that such account be taken in the Probate Court in the proceeding in which the deceased was appointed and in which he gave bond. *Foster* v. *Bailey, supra. Green* v. *Gaskill*, 175 Mass. 265. *Rhines* v. *Wentworth*, 209 Mass. 585. See *Murray* v. *Wood*, 144 Mass. 195. We see no sound reason why persons interested in the first estate, including the newly appointed representative charged with completing the administration, may not also insist on an accounting; and, as a necessary incident, obtain an order compelling the person in law charged with administrating the estate of the accountant to render the account. *Michigan Trust Co.* v. *Ferry, supra.* Difficulty may arise in obtaining control over such person through inability to obtain service of process, but this does not destroy the jurisdiction acquired by entering on the administration of the estate. *Murray* v. *Wood, supra*, at page 197. We do not think the remedy is confined to a suit upon the bond of the deceased representative, nor that the case last cited so requires. In *Foster* v. *Bailey*, 157 Mass. 160, it was held that title to the unadministered property of an estate passed to the newly appointed administrator of that estate subject, however, to a lien in favor of the estate of the deceased representative which must be ascertained by proceedings in the Probate Court. The decision was fol-

lowed in *Storer* v. *Coggan*, 260 Mass. 515. In both cases an account had been filed by the representative of the deceased representative, apparently without order therefor. Both deny the right of the administrator *de bonis non* to claim possession of the unadministered property in the hands of a representative of the deceased representative until an account be settled. It is not reasonable to hold that, by refusing to file an account, the settlement of the first estate can be prevented, or that it should be delayed while proceedings to compel an accounting are taken in the second estate, (which well may be in another county or another country), when a court having jurisdiction of the subject matter of the administration may bring about a speedier, but equally just, conclusion by an order for rendering the account in the first estate.

Perplexing questions may arise in differing situations; but in the case before us all parties and both estates are within the jurisdiction of the Probate Court for the county of Middlesex. We are called upon here only to deal with the question of jurisdiction, — of the power of the court to make the order desired, not with the propriety of granting or denying it. The inventory in the estate of Pamelia Richardson justified an inference that John A. Richardson at his death still held property of that estate. The representation of insolvency in the estate of John A. Richardson leaves us ignorant whether the defendant as his administrator came into possession of any property of either estate. Enough appears to support jurisdiction in the probate judge to deal with the estate of Pamelia Richardson; and we hold that there was error in ruling that he lacked jurisdiction to make the order prayed for.

*Decree reversed.*