SARAH H. SOUTHWICK *vs.* PETER W. MORRELL & another.

Suffolk.   Nov. 25, 1876. — Jan. 22, 1877.   AMES & DEVENS, JJ., absent.

This court has no jurisdiction in equity to compel a co-executor to join in a petition to the Probate Court for leave to sell real estate, or otherwise to perform his duty as executor.

BILL IN EQUITY against Peter W. Morrell and Anna R. Southwick, alleging that the plaintiff and the first named defendant were the executors of, and devisees under, the will of Ruth H. Morrell, deceased; that the other defendant was the only other devisee; that at the time of her decease the testatrix owed certain debts, among which was a note, payable at the death of the defendant Morrell, and secured by a mortgage of land in the State of Maine; that the plaintiff, for the purpose of paying these debts, had applied to the said defendant to join with her in a petition to the Probate Court for leave to sell certain real estate in this Commonwealth, and that he had refused so to do; that the said defendant had expressed his intention of appropriating funds, collected by him as executor, to the payment of legacies instead of debts; that the said defendant had attempted to collect rents both in this Commonwealth and in Maine, and was applying them to his own use; and prayed that the real estate might be ordered to be sold, and that, after applying the proceeds to the payment of the debts, the amount unpaid might be apportioned among the legatees, and that the said defendant might be compelled to do his duty or be discharged from his trust, and for an injunction.

The defendant Morrell demurred to the bill on the ground among others, that the matters alleged in the bill were only cog

nizable in the Probate Court. *Morton*, J., sustained the demurrer and dismissed the bill with costs. The plaintiff appealed.

*S. H. Goodall*, for the plaintiff.

*S. B. Allen*, for Peter W. Morrell.

ENDICOTT, J. The relief prayed for in this bill rests mainly on the refusal of the defendant, who is co-executor with the plaintiff, to sign a petition to the Probate Court for license to sell real estate in this Commonwealth for the payment of certain debts, one of which is secured by mortgage on land in Maine, and is not payable until the death of the defendant. Whether the defendant has failed to perform his duty as executor cannot be determined in this case ; that question must be decided by the Judge of Probate, who, upon cause shown, may remove him from his office. Gen. Sts. *c.* 101, § 2. Nor can the fact that the defendant has expressed his intention to appropriate funds in his hands to the payment of legacies instead of debts, or that he has attempted to collect rents himself both in this State and in Maine, afford any ground for the maintenance of this bill.

The bill is not in form or in substance a bill for instructions. The prayer is, that this court may order a sale of the real estate, and, after applying the proceeds to the payment of the debts, determine all questions that may arise in regard to the legacies and the distribution of the property, and compel the defendant to perform his duty or discharge him from his trust. In other words, it is an attempt to transfer the settlement of an estate from the Probate Court to this court, sitting as a court of equity, simply because the executors fail to agree, and the defendant has refused to join the plaintiff in a petition for leave to sell real estate. This court has no jurisdiction in equity over this subject matter, and the plaintiff, if aggrieved, must seek her remedy in the Probate Court. *Decree affirmed.*