ABBY C. FOSTER *vs.* JOSEPH E. FOSTER.

Essex.  Nov. 10, 1882. — Jan. 9, 1883    C. ALLEN, COLBURN & HOLMES, JJ., absent.

A bill in equity, for an account, alleged that the plaintiff and the defendant were administrators of an estate, and had given a joint bond; that they, with a third person, were the only next of kin of the intestate; that the estate had been settled in the Probate Court, and the defendant had failed to include in the inventory and account certain assets of the estate in his possession; that the plaintiff had assented to the final account, and had receipted for his interest, upon the defendant's agreeing that this should not prejudice the plaintiff's right to his share of the assets in question; and that the third person had been paid his share.  *Held*, on demurrer, that the bill could not be maintained.

DEVENS, J.  The plaintiff, the defendant and their brother, Larkyn J. Foster, were the sole heirs and next of kin of Benjamin Foster.  The plaintiff and the defendant jointly administered upon their father's estate, which has now ostensibly been

settled by the Probate Court, the inventory and accounts having been rendered and the assets divided. The plaintiff alleges in this bill in equity, that the defendant has failed to inventory and account for two bonds, of the value of $500 each, which were of the estate of Benjamin Foster and came to his possession, and to one third of which, or the value of which, she is entitled. She avers that she assented to the final account of the estate, and receipted for her interest, upon the agreement that she should not thereby prejudice her right to her share of these bonds or of their value; that she is entitled thereto, and has not received either, although her brother Larkyn J. has been paid by the defendant one third of their value. The prayer of the bill is, that the defendant shall be ordered to account for these bonds as a part of the estate of said Benjamin Foster, so that she may be able " to receive her share thereof as an heir as aforesaid; " and also, but as an alternative prayer, that the defendant be ordered to pay the plaintiff the sum found due as her share of the bonds aforesaid. She contends that the defendant holds this property in trust for her, and that he is bound here to account for it. The bill does not aver that he ever agreed so to hold it, although it avers that he assured her that her signature to the final account and her receipt should not prevent her from making this claim, and that she should not be concluded by such assent. The bill also avers that the defendant denies having had the bonds in question, and on his part asserts that she is not entitled to anything more than she has already received as her share of the estate of her deceased father. To this bill the defendant has filed a demurrer.

As framed, the bill seeks to transfer to this court the settlement of the account of the defendant from the Probate Court, which has ample jurisdiction to redress the matters of which the plaintiff complains. If it was the duty of the defendant to have accounted for these bonds as a part of the estate of the intestate, he could have been cited before that court and ordered so to do. Gen. Sts. *c.* 96, § 6. If the plaintiff was dissatisfied with the decision there, she could have appealed to this court. The receipt given by the plaintiff was certainly not conclusive against her, under the circumstances alleged as the inducement to her signing it. Even where an administrator produces receipts from

all the heirs, acknowledging that he has paid them their distributive shares in full, such receipts may be explained or controlled by other evidence. *Bard* v. *Wood*, 3 Met. 74. The executor is bound by his general duty, not only to make oath to the truth and correctness of his account, but to answer specifically as to all facts within his knowledge, whether affecting his own rights or claims, or those of others. Gen. Sts. *c.* 98, § 9. *Stearns* v. *Brown*, 1 Pick. 530.

Where an account has been settled, it is also competent for the Probate Court to open it, upon a proper case made by petition, for the purpose of correcting any mistake as to any matter which it has not so passed upon and decided that an appeal can be claimed to this court. *Stetson* v. *Bass*, 9 Pick. 27. It cannot decide that an account of an administrator is final, so that no further inquiry can be made as to matters not properly included in such account, nor can it thus oust itself of its appropriate jurisdiction. *Field* v. *Hitchcock*, 14 Pick. 405. Gen. Sts. *c.* 98, § 12.

It is in the Probate Court that the accounts of the two administrators must be adjusted in order to determine whether, even if these bonds should have been inventoried and accounted for, any sum should be ordered to be paid to the plaintiff. We have no means of ascertaining this. An investigation there can alone determine what she has already received, and what she is entitled to receive.

In seeking to maintain this bill, the argument of the plaintiff is, that, by reason of having given a joint bond with the defendant for faithful administration, she would be without remedy unless it is thus afforded. This is erroneous. If, before the Probate Court, it were proved that the defendant had two bonds belonging to the estate of the intestate, for which the plaintiff, as one of the next of kin, was entitled to have him account, and he failed so to do, or if, having accounted for them, he failed to pay them over or divide them as ordered by the Probate Court, it would be the duty of that court to remove him from his position. Gen. Sts. *c.* 101, § 2; *c.* 96, § 6. Pub. Sts. *c.* 132, § 14; *c.* 133, § 1. When thus removed, he might be sued by the remaining administrator, as might any other person wrongfully holding property of the intestate. Upon recovery, if the

plaintiff were entitled to the avails of the suit, she could receive them and appropriate them to her own use, if such should be the decree of the Probate Court.

The bill rests upon an alleged failure of the defendant to perform his duties as administrator. This court, in the exercise of its original jurisdiction, is not the appropriate tribunal for the inquiry. *Bill dismissed, with costs.*

*C. A. Benjamin,* for the plaintiff.

*H. P. Moulton,* for the defendant.