WILLIAM MINOT, JR., administrator, *vs.* OTIS NORCROSS, administrator.

Suffolk.   Nov. 15, 16, 1886. — Jan. 8, 1887.   HOLMES & GARDNER, JJ., absent.

A. by his will devised the remainder of his estate to B., to be disposed of by him for such charitable purposes as he should think proper, and authorized him, or whoever should execute the will, to sell the real estate. The will also nominated B. as executor. B. was duly appointed executor, and sold the real estate, and died many years afterwards, not having rendered any account to the Probate Court; and his estate was insolvent. *Held,* that, under the St. of 1884, *c.* 293, an administrator *de bonis non* of the estate of A. was entitled to prove, before commissioners appointed upon the insolvent estate of B., a claim for the amount received by B. from the sale of the real estate, and not accounted for. *Held, also,* that the burden of proof was on the administrator of the estate of B. to show that the money so received was expended by B. as directed in the will of A.

APPEAL from the disallowance of the plaintiff's claim by the commissioners appointed to receive and examine claims against the insolvent estate of John P. Healy, deceased. Trial, without a jury, before *W. Allen*, J., who reported the case for the consideration of the full court, in substance as follows :

John Percival died in 1862, leaving a last will and testament, dated August 26, 1861, which was duly proved and allowed by the Probate Court on October 25, 1862, and which contained, among others, the following clauses :

" All the rest and residue of my property and estate, real, personal, and mixed, of which I shall die seised, or to which I may be entitled at the time of my decease, I give, devise, and bequeath

to the said John P. Healy, to be disposed of by him for such charitable purposes as he shall think proper.

" All the real estate of which I shall die seised, or to which I may be entitled at the time of my decease, I authorize and direct my executor, hereinafter named, or whoever shall execute this will, to sell and convert into money, (by public auction or private sale, at his discretion,) as soon after my decease as he shall deem it expedient, and any deed or deeds executed by him shall convey to the purchaser or purchasers of such real estate as good and full a title thereto as if such deed or deeds had been executed by me in my lifetime.

" I do nominate, constitute, and appoint my friend, the said John P. Healy, Esquire, to be the executor of this, my last will and testament."

On October 25, 1862, John P. Healy, who was named as executor in the will, was duly appointed such executor by said court, and he duly qualified on the same day. On May 30, 1863, Healy filed an inventory of the real and personal estate of his testator, by which it appeared that Percival left personal estate appraised at $24,857.82, and real estate appraised at $4200. Healy filed no account of the settlement of Percival's estate, and the docket of the Probate Court shows no proceedings in that estate from the filing of the inventory to the date of Healy's death, which occurred on January 4, 1882.

Healy paid all the pecuniary legacies given by Percival's will, and also delivered to the persons entitled to specific legacies the articles bequeathed to them, respectively, and paid the funeral expenses, debts, and administration expenses of the estate.

He received from the personal property $25,347.03, and the debts, pecuniary legacies, expenses, &c., amounted to $20,773.34, leaving a residue of the personal property to be disposed of, in accordance with the provisions of the will, of $4573.59, together with the sum of $4700 which he had received from a sale of the real estate of Percival, which real estate he conveyed by deed to the grantee.

The only evidence offered to show what was done with this residue by Healy was, that, previously to 1868, he had kept an account-book of the fund left by Percival, by which it appeared

that, on November 10, 1866, he paid $500 each to two charitable societies, and, on February 25, 1867, he paid $100 to another charitable society, all out of this fund, and receipts for these sums, signed by said societies, were found among his papers. Healy was executor and trustee of a large number of estates, and in 1868 gave up keeping books of account of his trusts and private affairs.

The defendant was appointed administrator of Healy's estate by the Probate Court on January 16, 1882, and on January 8, 1883, represented the estate insolvent, and commissioners were duly appointed in accordance with the statutes to examine the claims of creditors of the estate.

On December 6, 1882, the plaintiff was appointed by the Probate Court administrator *de bonis non* with the will annexed of the estate of Percival. He presented a claim before the commissioners on Healy's estate for the balance of Percival's estate over and above the amounts paid by Healy for debts, legacies, and expenses, which claim was disallowed, and the plaintiff thereupon filed his claim of appeal in this court.

The plaintiff also, on January 17, 1883, obtained leave of the Probate Court to bring an action on the bond given by Healy as executor of Percival's will, and accordingly he brought an action against the sureties on said bond, on January 24, 1883, in which he recovered the balance of said personal property, to wit, said sum of $4593.69, less said three payments to charities, amounting to $1100, and less Healy's commissions on the amount administered by him, but did not recover said sum of $4700, the proceeds of said sale of real estate.

In the present proceeding, he seeks to be allowed to prove against Healy's estate said sum of $4700, with interest thereon from February 25, 1867.

The defendant contended, that the plaintiff, as administrator *de bonis non* of the estate of John Percival, was not entitled to the proceeds of the real estate sold by Healy; that, if the plaintiff was entitled to said proceeds, if unexpended by Healy in accordance with the provisions of said will, the burden of proof was on the plaintiff to show that Healy had not so expended said sum; and that the plaintiff was not entitled to maintain this action.

But the judge ruled that the plaintiff was entitled to maintain the action, and that the burden of proof was on the defendant to account for said money; and found for the plaintiff in the sum of $4700, with interest from February 25, 1867.

If either of said rulings was erroneous, or if, on the above facts, the plaintiff was not entitled to maintain this appeal for the purpose of proving against said Healy's estate for the proceeds of said real estate, judgment was to be entered for the defendant; otherwise, judgment on the finding.

*E. W. Hutchins & H. Wheeler*, for the defendant. · 1. The plaintiff, as administrator *de bonis non* with the will annexed of the estate of Percival, can maintain no claim against the defendant for the proceeds of the real estate. It was decided in *White* v. *Ditson*, 140 Mass. 351, which was an action against the sureties on Healy's bond, as executor, that the sureties were liable for the residue of the personal estate, but not for the proceeds of the real estate, on the ground that "the will gave him two characters, those of executor and trustee," that the power to sell the real estate was "a trust power differing from that which properly belongs to the executor or administrator," and that the direction to convert the land into money did not make it "the goods, chattels, rights, and credits" of the estate for the administration of which the sureties were responsible.

The personal estate he held by virtue of his appointment as executor, and as he had never formally devested himself of it as executor and transferred it to himself as trustee, the court held that the sureties on his executor's bond continued bound for it. The real estate, however, he never held by virtue of his appointment as executor. An executor, as such, has nothing to do with the real estate of his testator. The title to it vests directly in the devisee, and does not go to him by way of the executor; and the land and its proceeds, unless it has been sold for the payment of debts, are not assets of the estate at all. The fact that Healy united both characters, namely, executor and devisee in trust, does not alter the character of the property, and make property assets of the estate which would not have been such had another person than Healy been named as executor. So distinct are the two characters given to him by the will, that, had he renounced the executorship, he would still have had the title to the real

estate, and would have been trustee of it entirely independently of the executor. Where a trust or a trust power is given to an executor, he may execute it, although he has renounced the executorship. *Tainter* v. *Clark*, 13 Met. 220. *Conklin* v. *Egerton*, 21 Wend. 430. *Judson* v. *Gibbons*, 5 Wend. 224. *Moody* v. *Fulmer*, 3 Grant's Cas. 17. An administrator *de bonis non*, therefore, cannot recover the proceeds of real estate sold by an executor under a trust power in the will. *Clay* v. *Willis*, 1 B. & C. 364. And the proper party to bring an action for its recovery is a new trustee to be appointed by the court. *Dunning* v. *Ocean National Bank*, 6 Lans. 296.

The fact that in the case at bar the power of sale was conferred upon the executor, or whoever should execute the will, does not give the administrator *de bonis non* a right to the proceeds of the sale made by the executor, since the estate was not given to the administrator, while it was given to the executor. As soon as the sale was made, the proceeds belonged to Healy, not as executor, but as trustee. If Healy had not sold the land, the administrator might sell it, but he would hold the proceeds for the trustee, and not as assets of the estate. All the administrator would have would be a naked power of sale; but as this power was already executed by Healy in his lifetime, it has been exhausted, and the proceeds went to him, as was decided in *White* v. *Ditson*, as trustee, and to the trusteeship the administrator does not succeed, as it was not so provided in the will.

If this money should be paid to the plaintiff, there would be no security for its due application, as he has given no bond as trustee, and the court has decided in *White* v. *Ditson* that it is not the personal estate of the testator for which the sureties on an executor's or administrator's bond are liable. And although the sureties on the plaintiff's bond may be liable for the proceeds of any of the real estate of the deceased, sold or mortgaged by the plaintiff, under the form of the bond prescribed by the Pub. Sts. *c.* 130, § 6, and *c.* 129, § 5, they would not be liable for the proceeds of real estate sold by Healy and received by the plaintiff from Healy's estate.

2. It was suggested by the court in *White* v. *Ditson*, *ubi supra*, that there was a question whether, under Percival's will, the trust could now be executed, Healy being dead. If the trust

has failed, a new trustee would not of course be appointed, and it therefore becomes necessary for us to consider whether in that case the plaintiff has a right of action.

The argument that the trust has failed, we understand to be as follows : The property was devised to Healy " to be disposed of by him for such charitable purposes as he should think proper." Healy has died without disposing of the property in charities. The testator intended to place a personal trust and confidence in Healy. Such being the case, can the property now be given in charity by a new trustee to be appointed by the court?

It was intimated by Mr. Justice Gray, in *Jackson* v. *Phillips*, 14 Allen, 539, 584, that it was doubtful whether this could be done by a court not having the aid of the prerogative power of the English crown ; but whichever view the court may take of that question, whether the trust has failed or is still subsisting, this plaintiff has no right to the fund. If the trust can still be executed by the court, a new trustee must be appointed, who will be the proper party to recover it, on duly qualifying as such by giving bond. If the trust has failed, the property goes, not to the administrator *de bonis non* of Percival for the next of kin, but to Percival's heirs at law. If the trust has failed, this is intestate estate, since the will makes no provision for its disposal in case of Healy's death without executing the trust. Being the proceeds of land converted into money under the power given in the will, and the purpose for which the testator directed its conversion having failed, it will be treated by the court as not having been converted at all, and will go, as if it were still land, to the heirs at law.

In *Ackroyd* v. *Smithson*, 1 Bro. C. C. 503, *S. C.* 1 White & Tudor's Lead. Cas. in Eq. (6th ed.) 1027, a testator directed his real estate to be sold, and the proceeds paid to several persons, two of whom died before the testator ; and it was held that the gifts to them lapsed, and their shares, so far as they represented that which was at the testator's death real estate, went, not to his next of kin, but to the heirs at law.

In *Hopkinson* v. *Ellis*, 10 Beav. 169, a testator gave his real and personal estate to trustees to be converted into money, and out of the moneys arising from the sale to pay certain legacies and annuities, and the residue to such charities as they

should select, and the trustees sold the land. It was held that that part of the fund arising from the real estate could not be applied in charity on account of the mortmain act; that this part of the gift therefore failed; that the conversion was for the purposes of the will, and, those purposes having failed, it would be treated as not having been made as to those persons who did not take under the will, and therefore went to the heir at law, and not to the next of kin. See also *Jones* v. *Mitchell*, 1 Sim. & Stu. 290; *Brook* v. *Badley*, L. R. 3 Ch. 672; *Robinson* v. *Taylor*, 2 Bro. C. C. 589; *Hamilton* v. *Foot*, I. R. 6 Eq. 572; *Ackroyd* v. *Smithson, ubi supra.* Therefore, even if the trust has failed, the administrator *de bonis non* of Percival cannot take this fund, but it should go to the heirs at law. A recovery by the plaintiff in this case would be no bar to a suit brought by a new trustee, or by the heirs at law, against the estate of Healy.

3. There was no evidence at the trial that Healy had not paid out this sum of money in charities, and the court erred in ruling that the burden was not on the plaintiff to show this. The cases of *Choate* v. *Arrington*, 116 Mass. 552, and *White* v. *Ditson, ubi supra*, in which it was decided that the burden was upon the sureties on an executor's bond to account for an estate that was shown to have been received by an executor, being actions on probate bonds, were governed by the Gen. Sts. *c*. 101, § 28, which provide that, in an action on the bond of an executor or administrator for not accounting for the estate, execution shall be awarded "for the full value of all the estate of the deceased that has come to the hands of the executor or administrator, and for which he shall not satisfactorily account." The statute, therefore, in those cases threw the burden of proof on the defendants. In the case at bar, however, which is not an action on a bond, the statute does not apply, and there seems no reason why the burden should not be on the plaintiff to show that Healy has not executed his trust. The estate of Healy is not liable for this money unless Healy received it and did not pay it out in accordance with the provisions of the will. Why should not the plaintiff prove that he did not pay it out, as well as that he received it? Healy received this money in 1863 and died in 1882, and had an unlimited discretion in the charitable objects to which he might apply it. As a matter of

fact, he undoubtedly did expend this sum in charity, but no account of it can be found. He is dead, and we are left to surmise what became of it; and it is no more within the power of the defendant than of the plaintiff to prove whether it was given in charities. It would seem, therefore, that the general rule that the burden is on the plaintiff to make out his case should apply, especially as the plaintiff charges upon Healy a neglect of duty. " If the charge consist in a criminal neglect of duty, as the law presumes the affirmative, the burden of proof of the contrary is thrown on the other side," (that is, the party averring the neglect,) said Mr. Justice Story in *United States* v. *Hayward*, 2 Gall. 485, 498. Where a neglect of duty is charged, the burden of proving the neglect is on the party alleging it, although it involves proving a negative. *Williams* v. *East India Co.* 3 East, 192. *Hartwell* v. *Root*, 19 Johns. 345. *Phelps* v. *Cutler*, 4 Gray, 137. *Frontine* v. *Frost*, 3 B. & P. 302. 1 Greenl. Ev. § 80. In *Greenough* v. *Welles*, 10 Cush. 571, the court said, that, as it was a reasonable and just presumption, in the absence of controlling evidence, that every one would do acts required of him in the performance of a duty or a trust, they would presume that a trustee who was required to make a conveyance had done so.

4. This proceeding is not the proper form of remedy to be pursued for this fund. The proceeds of real estate sold by an executor are never recoverable in an action at law, but only by a suit in equity. 3 Wms. Ex. (6th Am. ed.) 1681, 1684. *Clay* v. *Willis, ubi supra.*

This is an appeal from a report of commissioners appointed to receive and examine claims against an insolvent estate under the Pub. Sts. *c.* 137. It is said by Chief Justice Gray, in *Deane* v. *Caldwell*, 127 Mass. 242, 246, that equitable claims cannot be proved before the commissioners, but that a suit in equity should be brought which should proceed so far as to establish the amount due. The reason is, that the statute provides that an appeal from a finding of the commissioners shall be tried at common law in the Superior or Supreme Judicial Court. Pub. Sts. *c.* 137, §§ 11 and 13. This excludes all equitable claims from appeal and from the jurisdiction of the commissioners.

*E. M. Johnson*, for the plaintiff.

DEVENS, J. In *White* v. *Ditson*, 140 Mass. 351, it was held that the sureties on the bond of Healy, as executor of the will of Percival, were not responsible, in view of the limited character of the bond given by them previously to the St. of 1880, *c.* 152, (Pub. Sts. *c.* 129, § 5,) for the proceeds of the real estate which had been sold under a direction by the testator to his executor named, " or whoever shall execute " the will, to convert his real estate into money. When real estate had been changed into money by virtue of a power in the will, it was not, in our view, that personal property for the administration of which the sureties became responsible. So far as the real estate was concerned, their obligation was definitely limited to " the proceeds of his real estate that may be sold for the payment of his debts and legacies."

By the will of Percival, the whole property (after payment of certain debts and legacies) was bequeathed to Healy, who was also executor, in trust, to be disposed of by him for charitable purposes. Healy never settled any account as executor, nor did any definite act in the Probate Court by which it could be held that he had discharged himself in the capacity of executor, and had accepted the trust imposed on him, and thus thereafter held the property as trustee. But while the sureties were held not to be responsible for the proceeds of real estate sold by Healy, it by no means follows that he was not responsible therefor as executor, or that the money received from the sale of the real estate was not, as against him, of the goods and chattels, rights and credits, of the estate which he was bound faithfully to administer in the execution of the will.

That, in some form and to some one, the estate of Healy must respond for the money received by him from the sale of the real estate of Percival must be conceded. *Marvel* v. *Babbitt, ante,* 226. The question before us is, whether the administrator *de bonis non* of Percival may now, as " the goods and estate of the deceased not already administered," prove a claim for the amount received by Healy from the sale of the real estate before the commissioners of insolvency on his estate. The administrator *de bonis non* has already recovered by action upon the executor's bond of Healy the balance of the personal property which Healy had failed to devote to the purposes of the trust.

It is urged, that, as soon as the sale of the real estate was made, the proceeds belonged to Healy, not as executor, but as trustee. It was the mode which the testator had provided for the execution of his will, that the whole real estate should be turned into money, which sum would be subjected to his debts and legacies, the residue of the whole estate being bequeathed in trust. The power and direction to sell the real estate, and convert it into money, was not a personal trust, but was conferred upon whomsoever might execute the will, and who should receive the money to devote to the purposes of the will. If Healy had declined to execute the will, and an administrator with the will annexed had been appointed, he might have sold the real estate, but he would have held the proceeds as the assets of the estate, and not of the devisee in trust, who had no right in the proceeds of the real estate specifically. If Healy had commenced the execution of the will, had sold the real estate under the authority given, and, with the proceeds in his possession, had then resigned his office, or been removed therefrom, it could not have been necessary to appoint an administrator *de bonis non* to receive the personal property not administered, and also a trustee to receive the proceeds of the real estate. The whole of it, that which was originally personal and that which had been lawfully converted from realty to personalty by the authority of the will, was of the goods and estate not already administered.

Whether, in the case at bar, after the administrator *de bonis non* shall have recovered against the estate of Healy, it shall be determined that a new trustee can be appointed to execute the charitable trust upon which the residue was bequeathed, and whether, if he cannot, the next of kin may have a claim against that part of the residue which was originally personalty, or whether, if so, the heirs at law are entitled to assert a right, as against the proceeds of the real estate, as well as other questions which have been suggested, need not now be decided. As the matter stands, the funds which were in the hands of Healy were the goods of the testator subject to administration, even if the money was derived from the sale of land made by him for the purpose of converting it into personal property in accordance with the direction of the will.

The case of *Buttrick* v. *King*, 7 Met. 20, sustains the view we have taken. A husband deceased had created a trust fund primarily for the benefit of his wife, who was to receive the income, and, at her decease, the property was to be divided among his children. The wife had power to sell and convey any part of the property, but it was directed that the proceeds of the sale should be held subject to be divided among his children, as he had previously directed the property to be. Under this authority, she sold lands and took notes therefor, which, after her death, were paid to her administrator. It was held that the administrator *de bonis non* of the husband's estate was entitled to recover of the administrator of the wife's estate the money in his hands received by him in payment of the notes. "The administrator *de bonis non* of the husband," says Chief Justice Shaw, "is the proper person, we think, to take and administer the fund, because, if there should still be debts due from the testator, as there may be, notwithstanding the lapse of time, on covenants real, or the like, the creditors would be entitled to payment before the legatees. Otherwise, the administrator *de bonis non* will be bound to pay over to the legatees, according to the will."

We are of opinion that, in the case at bar, the administrator *de bonis non* was entitled to prove against the estate for the amount received by Healy as the proceeds of real estate.

The inquiry remains, whether the burden is upon the plaintiff to show that the sum thus received has not been paid out in charities in execution of the trust upon which he was entitled to receive the residue. Although Healy did not settle his account as executor, nor transfer this residue to himself as trustee, yet, as it is found that there were no debts and legacies unpaid, if he distinctly devoted as trustee any of the funds to the charitable purposes contemplated by the will, to that extent the damages should be reduced. Of such deduction he has heretofore had the full benefit apparently. *White* v. *Ditson, ubi supra*. He wholly failed to account as executor or trustee; had he rendered accounts in the proper court, he there would have been required to produce vouchers, receipts, or other proper evidence of payment. It would certainly be a curious anomaly, if, by failing to account, he could throw upon one claiming the property the burden of showing that he had not lawfully expended the fund.

The administrator *de bonis non* who succeeds can have no knowledge in relation to the dealings of the executor with the property, who has himself a distinct duty to account for it.    *White* v. *Ditson, ubi supra.*    *Choate* v. *Arrington*, 116 Mass. 552.    Upon the sum found due by the defendant, interest should be allowed from February 26, 1867, for reasons fully stated in *White* v. *Ditson, ubi supra.*

The defendant contends, that, if the plaintiff has any remedy, it is in equity only, and that equitable claims are not provable before commissioners in insolvency ; but such liabilities were made provable by the St. of 1884, *c.* 293.*

*Judgment on the finding.*

---

* " Equitable liabilities shall be deemed to be debts provable against estates in insolvency and against estates of deceased persons represented insolvent."