MARY T. AMMIDOWN, administratrix, *vs.* JOSEPH KINSEY.

Suffolk. Jan. 27. — June 29, 1887. C. ALLEN & HOLMES, JJ., absent.

A bill in equity, by the administrator *de bonis non,* with the will annexed, of an estate, against the former executor of the will, alleging merely that the defendant, as executor, sold real estate under a power in the will, and misappropriated the proceeds, and refuses to account for them, cannot be maintained as a bill for an account.

W. ALLEN, J. This bill in equity is exceedingly meagre. It is brought by the administratrix *de bonis non*, with the will annexed, of the estate of Henry C. Ammidown, against the former executor of his will. The substantive allegations are that the defendant, as executor, sold real estate under a power in the will, and misappropriated the proceeds, and refuses to account for them. The bill contains no prayer, and it is not sworn to. It is not a bill for discovery, and apparently was framed as a bill for an account of the proceeds of the sale and of the profits received by the defendant from their use, and must be sustained as such, if at all.

If the proceeds did not belong to the estate of the testator, the plaintiff, as administratrix of that estate, cannot require an account of them; if they belong to the estate, the defendant was and is bound to account for them as executor. The statute requires that an executor's account of an estate in process of settlement in the Probate Court shall be rendered only in that court, and this court has jurisdiction of it only as the Supreme Court of Probate, on appeal. Pub. Sts. *cc.* 144, 156. *Wilson* v. *Leishman*, 12 Met. 316. *Sever* v. *Russell*, 4 Cush. 513. *Southwick* v. *Morrell*, 121 Mass. 520. *Blake* v. *Pegram*, 101 Mass. 592, 597. *Parker* v. *Parker*, 118 Mass. 110, 113.

The defendant was appointed executor before the St. of 1880, *c.* 152, (Pub. Sts. *c.* 129, § 5,) was enacted, and while the Gen. Sts. *c.* 93, § 2, were in force, by which the condition of the general bond of an executor was to account for the proceeds of real estate sold for the payment of debts. It is argued that the defendant would not be liable upon such a bond for the proceeds of the real estate sold by him under the power in the

will; and that, as the plaintiff has no remedy upon the probate bond, she should be allowed to maintain a suit without an accounting in the Probate Court. There is no allegation in the bill in regard to a bond, or to the manner of the sale, except that it was made by the defendant under a claim of the authority given by the will. It is consistent with this that he may have applied to the Probate Court, and given a special bond as provided for by the Gen. Sts. *c.* 102, § 6. But, if it sufficiently appears that the sale was without an order of court, and that only the general bond was given, the proceeds would be goods and estate of the testator in the hands of the executor, for which he would be bound to account as such. *Minot* v. *Norcross*, 143 Mass. 326. It may be that, after the liability of the defendant is ascertained and fixed by an accounting in the Probate Court, an action will lie by the plaintiff against the defendant to recover it. *Buttrick* v. *King*, 7 Met. 20. But this bill is for an account by an executor, and contains no allegations which show that this court has jurisdiction of the matter.

*Bill dismissed.*

*H. H. Buck*, for the plaintiff.
*J. M. Cochran*, for the defendant.