JOHN GREEN & others *vs.* FRANCIS A. GASKILL, executor, & another.

Worcester.    October 20, 1899. — February 28, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Equity Jurisdiction of the Probate Courts — Right of Trustees to have Accounts adjusted in Probate Court.*

The equity jurisdiction given by statute to the Probate Courts over all cases relating to trusts created by will and the termination thereof is a concurrent jurisdiction shared by the Superior Court and by this court; and while the fact that in the records of the Probate Courts are found the wills under which such trusts arise and the inventories and accounts of the trustees, with their official bonds, the proceedings under which they were appointed and other matters affecting the trust, may have been a reason for conferring this concurrent jurisdiction, it does not enlarge that jurisdiction or enable those courts to entertain any bill which could not also be entertained by the Superior Court or by this court; nor does it enable a Probate Court upon its equity side to do any of those things upon a bill in equity with reference to such a trust which can be done by a Probate Court under its probate jurisdiction only.

Trustees appointed by a Probate Court, as well as guardians, administrators, and executors so appointed, have a right to have their accounts adjusted and the amounts due to or from them as trustees determined in the Probate Court, on its probate side and in the usual probate proceedings, and they cannot be compelled first to render their accounts or made to pay over the fund, by proceedings in equity or at law, save after and in pursuance of such an adjustment and determination on the probate side of the court.

BARKER, J. One John Green, who died in the year 1865, left by his will one fifth of the residue of his estate in trust. The first trustee was Meltiah B. Green, who during his life was entitled to apply the income of the fund for the benefit of himself and his family, keeping the principal unimpaired. From the time of his death without issue on May 24, 1888, his widow, Mary S. Green, was entitled to the whole income of the fund during her life. After the death of Meltiah B. Green the defendant Gaskill was appointed trustee of the fund, a position which he still holds. Mary S. Green, the widow, was appointed as executrix of the will of Meltiah B. Green on October 2, 1888. She died on January 7, 1896, and upon her death the plaintiffs became under the will of John Green entitled as remainder-men to one half of the principal of the trust fund.

Mary S. Green, as executrix of Meltiah B., on September 28, 1895, filed in the Probate Court an account of Meltiah B. as trustee of this trust fund, and that account has never been allowed. On June 29, 1896, Gaskill, as trustee of the fund, filed an account of his trust in the Probate Court. On January 29, 1896, Gaskill was also appointed executor of the will of Mary S. Green. On March 3, 1896, the defendant Parker was appointed administrator *de bonis non* with the will annexed of Meltiah B. Green.

In January, 1898, the plaintiffs filed upon the equity side of the Probate Court the present bill in equity against Gaskill as executor of the will of Mary S. Green, and as trustee under the will of John Green, and against Parker as administrator *de bonis non* with the will annexed of Meltiah B. Green. The bill alleges, in addition to the facts already stated, that the trust fund first placed in the hands of Meltiah B. Green as trustee was of about $30,000 in amount; and that during his life he appropriated to his own use a large part of the principal of the fund, amounting to about $10,000, impressed with the trust, and which at his death formed part of his estate. That by his will he gave all of his estate to his widow, who knew that he had appropriated the $10,000 of the trust fund to his own use, and that in her hands it was still impressed with the trust. That upon her death this property still impressed with the trust has come into the hands of Gaskill as executor of her will. That

the plaintiffs are entitled, the trust being now ended by the death of Mary S. Green, to one half of all the principal of the trust fund, including the part of the fund appropriated by Meltiah B. Green in his lifetime to his own use, and now in the hands of Gaskill as executor.

The prayer is that an account may be taken of all the funds which came to the hands of Meltiah B. Green as trustee of the fund, and of the proceeds thereof, if the same have ever changed in form; also an account of all funds belonging to the trust fund which came to the hands of Mary S. Green as executor of her husband's will, with knowledge by her of their misappropriation by her husband to his own use, and of all which came to the hands of Gaskill as executor of her will; and also an account of all funds, if any, belonging to the trust estate which have come to the hands of the defendant Parker as administrator *de bonis non* with the will annexed of Meltiah B. Green; "and that one half of the same may be decreed to be paid over by the parties now holding the same in any of their said capacities to the plaintiffs according to their interests therein," and for other relief.

There are also allegations that Meltiah B. Green never filed in the Probate Court an inventory of the trust estate, and never filed in that court an account of the trust; and that Gaskill has never filed an inventory of the trust estate, and that he has not included in his trustee's account filed on June 29, 1896, the part of the trust fund which Meltiah B. in his lifetime wrongfully appropriated to his own use.

In the Probate Court Gaskill appeared as trustee and as executor, and answered, denying any misappropriation of any part of the trust fund by Meltiah B. Green, and denying that as executor of the will of Mary S. Green he has any funds belonging to or impressed with the trust, and alleging that he has duly filed in the Probate Court his final account as trustee of the fund, and that the same has been finally and conclusively allowed in the Probate Court; and also demurring to the bill because the plaintiffs have a full, complete, and adequate remedy at law by proceedings in the Probate Court upon the accounts of the defendants, and by suits, as well as because of the laches of the plaintiffs, and because the bill is multifarious. The

cause was heard upon the demurrer in the Probate Court upon its equity side, and the demurrer was there sustained and a decree entered, dismissing the bill with costs, in favor of the defendant Gaskill as trustee and as executor. From this decree the plaintiffs appealed to the Supreme Judicial Court, and the case was then heard by Mr. Justice Knowlton upon the bill and the demurrer of the defendant Gaskill, and was reserved for the consideration of the full court.

It is to be noticed that the bill contains no allegations stating the nature of that part of the trust property alleged to have been misappropriated by the first trustee to his own use, and to be now in the hands of Gaskill as executor of the will of Mary S. Green, nor does it allege that that property was so ear-marked as to be capable of identification. Nor does the bill allege that any part of the trust property is in fact now in the hands of Parker as administrator *de bonis non* with the will annexed of the first trustee.

While the Probate Courts in the several counties have equity jurisdiction over all cases and matters relating to trusts created by will, St. 1891, c. 415, § 1, and have long had equity jurisdiction over all matters relating to the termination of such trusts, St. 1880, c. 163; Pub. Sts. c. 141, § 27, this is a concurrent jurisdiction shared by the Superior Court and by this court. While the fact that in the records and files of the Probate Courts are found the wills under which such trusts arise and the inventories and accounts of the trustees, with their official bonds, the proceedings under which they were appointed and other matters affecting the trust, may perhaps have been a reason for conferring this concurrent jurisdiction in equity upon the Probate Courts, it does not enlarge that jurisdiction, or enable them to entertain any bill which could not also be entertained by the Superior Court or by this court. Nor does it enable a Probate Court upon its equity side to do any of those things upon a bill in equity, with reference to such a trust, which can be done by a Probate Court under its probate jurisdiction only. See *Bennett* v. *Kimball, ante,* 199.

If the defendant Gaskill had in his hands as executor of the will of Mary S. Green property of the trust which could be identified and followed as belonging to the trust, the trust hav-

ing now terminated by its own limitation and the plaintiffs being entitled under the will of its founder to an interest in the property as their own, they might no doubt in a proper bill brought in any competent equity court, reach that property and recover their interest in it. *Holland* v. *Cruft*, 20 Pick. 321, 326. *Moore* v. *Hazelton*, 9 Allen, 102. So also, if as trustee of this trust he has in his hands property of the trust which so belongs to the plaintiffs, they may, when the amount for which he is liable as trustee has been determined by the proper tribunal, by a proper bill in any equity court having jurisdiction of the parties compel him to pay to them their share of the property. But it is a settled principle of our law that trustees appointed by a Probate Court, as well as guardians, administrators, and executors so appointed, have a right to have their accounts adjusted and the amounts due to or from them as trustees determined in the Probate Court, on its probate side, and in the usual probate proceedings; and that they cannot be compelled first to render their accounts, or made to pay over the fund, by proceedings in equity or at law, save after and in pursuance of such an adjustment and determination on the probate side of the court. *Jennison* v. *Hapgood*, 7 Pick. 1, 7. *Conant* v. *Kendall*, 21 Pick. 36. *Wilson* v. *Leishman*, 12 Met. 316. *Sever* v. *Russell*, 4 Cush. 513. *Brooks* v. *Brooks*, 11 Cush. 18. *Munroe* v. *Holmes*, 9 Allen, 244. *Prentice* v. *Dehon*, 10 Allen, 353. *McLane* v. *Curran*, 133 Mass. 531. *Foster* v. *Foster*, 134 Mass. 120. *Murray* v. *Wood*, 144 Mass. 195. *Ammidown* v. *Kinsey*, 144 Mass. 587. *Thorndike* v. *Hinckley*, 155 Mass. 263. *Foster* v. *Bailey*, 157 Mass. 160. *Tyler* v. *Wheeler*, 160 Mass. 206, 210. See also *Southwick* v. *Morrell*, 121 Mass. 520.

While the bill alleges that the defendant Gaskill has filed an account of his trust, it is silent as to the action of the Probate Court upon that account, and even if it has been there disposed of, it is certain that the plaintiffs do not here seek to recover of him upon the basis of that account or of any determination of the Probate Court upon it, because the bill alleges that that account does not include that part of the trust property which had been misappropriated by the first trustee, and which it alleges is now in Mr. Gaskill's hands in another capacity than as trustee, while the bill seeks to recover the plaintiffs' share of

that part of the fund, as well as of the property which is conceded to belong to the trust. The bill cannot be maintained as if it were one to compel the defendant Gaskill as trustee to pay to the plaintiffs their share of a fund, the amount of which in his hands has been determined in accordance with his right in probate proceedings, because the bill does not contain the necessary averments. It cannot be maintained to charge him as trustee with the part of the fund which it alleges was diverted from the trust by a former trustee, because he can be charged with liability in his capacity as trustee, with reference to that part of the fund, only by showing a neglect of his duty as trustee to recover the trust property so diverted. It is his right to have that question determined in the Probate Court, upon its probate side, or by a suit upon his official bond as trustee. The plaintiffs upon the statements of the bill have such an interest as would at all times have enabled them to be heard upon the settlement of the accounts of the trustee, to petition for his removal, or to ask that his official bond be put in suit.

Nor are the circumstances such as to require a court of equity to allow the plaintiffs to pursue the same bill against this defendant in his two capacities of trustee and of executor. There are questions as to the rights of the plaintiffs as against the trust with which the estate of Mary S. Green is not concerned, and the bill cannot be treated as if it were merely an attempt to follow and recover from her estate identified trust funds.

The allegations that the former trustee filed no inventory and that he filed no account, and that the defendant filed no inventory as trustee, do not give the plaintiffs a right to equitable relief. It is therefore unnecessary to consider whether the joining of the defendant Parker or the alleged laches of the plaintiffs are also good grounds of demurrer, and on those questions we express no opinion.

For the reasons stated the demurrer should be sustained and the bill dismissed with costs. But as it is conceded that there is a trust fund in which the plaintiffs are interested although they cannot maintain this bill, the decision should be without prejudice to their rights, if any, in the fund. There should be a decree in the court below sustaining the demurrer and dismissing the bill with costs as against the defendant Gaskill, but

without prejudice to the plaintiffs' rights, if any they have, in the trust fund under the will of John Green, held originally for the benefit of Meltiah B. Green, and terminated by its own limitations by the death of Mary S. Green.

*So ordered.*

*J. Green & F. P. Goulding*, for the plaintiffs.
*H. Parker*, for the executor.