HERBERT B. MACKINTOSH, trustee, *vs.* LAURA R. HOUGHTON, administratrix.

Suffolk. February 13, 1922. — July 1, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Jurisdiction,* Trust, Accounting. *Equity Pleading and Practice,* Decree, Appeal.

In a suit in equity begun in May, 1917, against the administrator of the estate of one, who had been a rent collector for the plaintiff as to certain real estate, for an accounting, and for a decree that the balance found due upon the accounting be paid to the plaintiff by the defendant and that funds in the hands of the defendant comprising money collected by the defendant's intestate for the plaintiff be declared to be held in trust for the plaintiff, a master in a report filed in May, 1919, and confirmed on November 24, 1920, found that during a sickness of the defendant's intestate he had employed, to collect rents for the plaintiff, another person who had done so and had remitted their amount, $112.04, to the defendant's intestate in several checks which remained in his hands at the time of his death and were cashed by the defendant administrator and their proceeds placed with other moneys belonging to the intestate without separation. The master found that it had not been proved "that these moneys or any of them should be charged with a trust in the plaintiff's favor." A final decree was entered on November 26, 1920, dismissing the bill. The plaintiff appealed. After the bill was filed, the statute of limitations had run. *Held,* that

(1) The plaintiff should not be left remediless;

(2) The plaintiff's right to an accounting could not be cut off because after the death of the defendant's intestate the checks received by him were collected

by the defendant administrator and the proceeds treated as part of the assets of the estate;

(3) The decree was reversed and a decree was ordered directing the payment to the plaintiff of $112.04 with interest from the date of the filing of the bill and costs.

BILL IN EQUITY, filed in the Superior Court on May 22, 1917, and afterwards amended, praying for an accounting by the defendant as administratrix of the estate of Leander A. Getchell, late of Boston, for sums of money collected by Getchell for the plaintiff and that the defendant be ordered to pay the plaintiff the sum to which he should be found to be entitled upon such an accounting; that all sums collected by Getchell for the plaintiff be declared to be held in trust for the plaintiff and that they be ordered to be paid over to the plaintiff, and for general relief.

The suit was referred to a master on August 1, 1917. Material findings of the master in a report filed on May 14, 1919, are described in the opinion. The plaintiff filed exceptions to the report and a motion that the report be recommitted to another master, which were heard by *Lawton,* J., by whose order there were entered on March 12, 1920, an order denying the motion to recommit the report and overruling the exceptions, on November 24, 1920, an interlocutory decree confirming the report and on November 26, 1920, a final decree dismissing the bill. The plaintiff appealed.

*H. B. Mackintosh,* trustee, pro se.

The defendant submitted the case without argument or brief.

BRALEY, J. The denial of the plaintiff's motion to recommit the master's report shows no reversible error. *Ball* v. *Allen,* 216 Mass. 469. *Smith* v. *Lloyd,* 224 Mass. 173.

The evidence not having been reported the plaintiff's exceptions founded on the master's findings or on his refusal to make findings as requested cannot be reviewed. *Warfield* v. *Adams,* 215 Mass. 506. The exceptions to the failure of the master to make rulings of law as requested also are of no avail. The report makes no reference to such requests for rulings or any action thereon. *Cook* v. *Scheffreen,* 215 Mass. 444. *Ball* v. *Allen,* 216 Mass. 469.

The bill asks for an accounting and that certain moneys received by the defendant be charged with a trust for the plaintiff's benefit. The material facts as found by the master are, "The

defendant's intestate, Leander A. Getchell, was a small rent collector and from about October 1905 until September 1914, when he went to the City Hospital, had collected rents in behalf of the plaintiff from tenants in the house numbered 5 on Jefferson Street in Boston. The plaintiff claimed that at the time of his death . . . on January 3, 1915, . . . Getchell had collected moneys which he had not turned over to the plaintiff; but the amount . . . except what was represented by three checks hereafter referred to and two payments collected from a tenant called Segal, one for $10 and one for $5, as shown on . . . Getchell's cash book, were not proved. While . . . Getchell was in the hospital, he employed E. J. Hickey, Jr., . . . to make certain collections of rent for him. . . . Hickey who was called as a witness by the plaintiff testified that he knew . . . Getchell and had been employed by him as a friend in August and September, 1914, to collect rents for him, but had received no compensation for such collection. On August 12, 1914, he collected of one of the plaintiff's tenants, Segal, $18, and of another named Powers, $15 and deposited the $33 so collected in the account of E. J. Hickey & Co. in the International Trust Co. Shortly thereafter he drew a check for $33 to L. A. Getchell . . . and sent the same to . . . Getchell. That on August 29, 1914, he collected $19.04 from the said Segal and Powers, deposited the amount so collected in the said account in the International Trust Co. and on the same day drew a check to . . . Getchell signed 'E. J. Hickey & Co.' for $19.04. That on September 11, 1914, he collected from said Segal at house No. 5 Jefferson Street, $15 and $45 from a tenant called Cohen. He deposited the $60 so collected in the said account in the International Trust Co. and immediately thereafter sent to Getchell a check drawn payable to his order . . . for $60. These checks were not endorsed by Getchell, but were afterwards offered in evidence and were proved to have been endorsed and deposited some months after the death of the said Getchell by his administratrix with other moneys belonging to said Getchell, and that no separation was made in any way of these checks so deposited." Whatever inferences of fact, if any, which might have been drawn favorable to the plaintiff's contention that a trust had been established are disposed of by the master's final statement that, "Upon the evidence in this case

I find and report that it was not proved that these moneys or any of them should be charged with a trust in the plaintiff's favor." *Martin* v. *Barnes*, 214 Mass. 29.

But the statute of limitations has run since the filing of the bill and the plaintiff should not be left remediless. It is alleged and the report shows that the intestate acted as the plaintiff's agent in the collection of rent from tenants "in the house numbered 5 on Jefferson Street" owned by the plaintiff as trustee under the will of Sarah B. Akerman, and that at the date of his death he had in his possession payable to his order checks aggregating $112.04, rents collected from tenants as stated by the master, and substantially admitted in the defendant's answer. It was the plaintiff's money which he received in the form of checks, and at his death he was accountable for this amount, the same as if the checks had been given payable to his order by the respective tenants. The plaintiff's right to an accounting cannot be cut off because after his death the checks were collected by his administratrix even if as averred in the answer she treated the proceeds as part of the assets of the intestate's estate. *Farrelly* v. *Ladd*, 10 Allen, 127. *Childs* v. *Jordan*, 106 Mass. 321. *Cole* v. *Bates*, 186 Mass. 584, 586. *Flye* v. *Hall*, 224 Mass. 528, 529. *Donovan* v. *Walsh*, 238 Mass. 356.

The decree dismissing the bill is therefore reversed, and a decree with costs is to be entered awarding the plaintiff $112.04 with interest from the date of the filing of the bill. *Stratton* v. *Hernon*, 154 Mass. 310, 313.

*Ordered accordingly.*