OSCAR STORER, trustee, vs. LINUS C. COGGAN, executor.

Middlesex.    March 23, 1927. — July 1, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Trust,* Duty of executor of will of trustee toward succeeding trustee, Accounts.    *Probate Court,* Accounts, Jurisdiction in equity.

Where the executor of the will of a trustee under another will has filed in court in behalf of his testator an account showing certain assets held by him to be turned over to a trustee appointed to succeed the deceased trustee, the new trustee, before that account has been settled, cannot maintain a petition in equity in the Probate Court to compel the transfer to him of the trust estate.

PETITION, filed in the Probate Court for the county of Middlesex on September 25, 1926, by the trustee under the will of Eliza J. Lombard to compel the executor of the will of his predecessor in office to turn the trust estate over to him.

In the Probate Court, the petition was heard by *Leggat,* J. Material facts are stated in the opinion. A decree was entered ordering the transfer of assets sought. The respondent appealed.

*K. A. Sanderson,* for the respondent.

*O. Storer,* (*J. J. Lucas* with him,) for the petitioner.

PIERCE, J. This is an appeal from a decree of the Probate Court ordering the respondent, Linus C. Coggan, as executor of the will of Marcellus Coggan, deceased, who was appointed trustee under the will of Eliza J. Lombard, deceased, to transfer all securities and income which he holds belonging to said trust to Oscar Storer, appointed trustee of said trust estate on June 21, 1926.

The executor, on September 13, 1926, filed a final account in the Probate Court, signed and sworn to by the accountant, containing a schedule of assets stated to have been turned over to Oscar Storer, trustee under the will of Eliza J. Lombard. September 25, 1926, the new trustee filed a petition in the Probate Court praying "that said Linus C. Coggan, as executor of the will of said Marcellus Coggan and

in possession of the estate included in said trust, be ordered to deliver to your petitioner, as trustee, the assets and property belonging to said trust." On the same day citation on the petition issued, and a copy was delivered in hand to Linus C. Coggan on September 28, 1926. Later, on October 26, 1926, Linus C. Coggan, as executor, filed a substitute account in the Probate Court setting forth in schedule B the same list of assets under the following heading: "Held to be turned over to Oscar Storer, trustee under the will of Eliza Lombard upon the allowance of this account." The account as filed by the executor disclosed assets to the value of $11,355.85.

The question before this court for decision is, Has the Probate Court on the petition of a trustee appointed by that court, authority to order the executor of a deceased trustee who has duly filed a final account on behalf of such deceased trustee, to turn over all of the securities and income in his hands belonging to the trust to the new trustee before the final account filed by the executor for his testator has been settled?

Upon the death of the trustee, his executor took the trust property, not as a part of the estate of his testator but subject to the trust. *Farrelly* v. *Ladd,* 10 Allen, 127. *Childs* v. *Jordan,* 106 Mass. 321. *Mackintosh* v. *Houghton,* 242 Mass. 286, 289. The new trustee, Mr. Storer, perforce of G. L. c. 203, §§ 5, 6, on appointment by the Probate Court, without more, was vested with the same title as if originally appointed "and the court may order any conveyances to be made by the former trustee or his representatives or by the other remaining trustees which it may find proper or convenient to vest the trust estate in the new trustee." The Probate Court has jurisdiction in equity concurrently with this court and the Superior Court over all matters relating to trusts created by will and to the termination of such trusts; G. L. c. 215, § 6; but it does not have jurisdiction upon its equity side to do any of these things upon a bill in equity, with reference to such a trust, that can be done by a Probate Court under its probate jurisdiction only. *Bennett* v. *Kimball,* 175 Mass. 199. *Green* v. *Gaskill,*

175 Mass. 265. The appellant does not deny the power of the Probate Court under G. L. c. 206, § 4, in settling the account of an executor, trustee, *et cetera,* to order the accountant to produce, pay, transfer or set over assets in his hands, but contends that the statute is inapplicable here because this is a petition in equity and is not one "in settling an account."

The adverse parties to this appeal rely upon the case of *Foster* v. *Bailey,* 157 Mass. 160. No distinction can be made between that case and the case at bar, as the petitioner claims should be, by the fact that the relief in *Foster* v. *Bailey* was sought by a bill in equity in the Supreme Judicial Court, while the bill in equity in the case at bar was prosecuted in the Probate Court. *Green* v. *Gaskill,* 175 Mass. 265, 268. In *Foster* v. *Bailey* it appeared that Bailey, as the representative of a deceased administrator, held possession of one share of stock, a deposit in a savings bank, and certain property set forth in the inventory of the intestate estate. After the filing of the bill, Bailey filed an account in the Probate Court which showed a balance in the hands of the accountant. The plaintiff, as administrator *de bonis non* of the intestate estate, brought the bill in equity contending he was entitled at once to the securities in the possession of the defendant. In answer thereto the defendant contended that his account should first be settled in the Probate Court, and the balance remaining due after such settlement and the payment of his reasonable expenses in proving the account should alone be ordered to be paid over. The question presented was, whether the administrator of the estate of the deceased administrator could retain this specific property, or any part of it, as security for a balance which might be found due him on settling the account of the administrator in the Probate Court. After great consideration this court decided that the administrator *de bonis non* was not entitled to receive the specific unadministered property of the intestate until the settlement of the account of the deceased administrator in the Probate Court.

In the case at bar the securities and income shown in the schedule of the account filed by the executor of the deceased

trustee are specific and unappropriated, and are in the possession of the executor and held by him subject to the order of the Probate Court acting under G. L. c. 206, § 4. The case is not distinguishable from *Foster* v. *Bailey, supra, Green* v. *Gaskill, supra,* and *Day* v. *Old Colony Trust Co.* 232 Mass. 207. It results that the decree must be reversed, with costs.

*Decree accordingly.*