JULIUS GOODMAN & another *vs.* ISRAEL GOLDMAN.

Worcester.    September 26, 1928. — November 26, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Master: findings, refusal to find.

Where the evidence before a master appointed to hear a suit in equity was not reported, his findings of fact must stand and be accepted as true, unless upon the face of the report they are mutually inconsistent and contradictory; and exceptions founded upon the master's refusal to make certain findings cannot be considered.

Where, upon an appeal by the plaintiff from a final decree dismissing a suit in equity, it appears that findings by a master, who reported no evidence, sustained no material allegation of the plaintiff, the decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on May 3, 1927, and described in the opinion.

The suit was referred to a master. Material facts found by the master, proceedings in the Superior Court, and decrees entered by order of *Lummus,* J., are stated and described in the opinion. The plaintiffs appealed.

*S. G. Friedman,* for the plaintiffs.

*G. H. Mason,* for the defendant.

PIERCE, J. This bill of complaint seeks to compel the defendant to state an account of the total disbursements,

payments, and advances, made by him under a written agreement executed between him and the plaintiffs on June 28, 1926; it also seeks the recovery of damages because of certain alleged wrongful acts of the defendant in connection with that agreement, and the foreclosure of the mortgage securing the same. In substance, the prayers of the bill are (1) for an accounting; (2) to reach and apply to the satisfaction of the plaintiffs' claim certain mortgages and the notes secured thereby; (3) that damages may be assessed and the defendant ordered to pay them; (4) that a temporary injunction may issue restraining the defendant from disposing in any manner of the mortgages and notes described in the bill and, by reference, in the prayer to reach and apply; and (5) that the plaintiffs be allowed their costs, and for general relief.

After the filing of a stipulation by the parties, the temporary injunction which had issued as prayed for was dissolved, and an answer to the bill of complaint was filed by the defendant. A master was appointed with the consent of the parties "to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request." After hearing the parties and their evidence the master made a draft report. He gave a hearing on the draft report at which the plaintiffs requested him to make the special findings of fact that appear in the record. The master refused to make the special findings of fact or to make as a part of his report any findings relative to the facts therein referred to, and notified the attorneys of record that his draft report would be his final report. The plaintiffs filed objections to the refusal of the master above set forth, within the time fixed by Equity Rule 26 (1926). A motion to recommit to the master "with instructions to make findings upon the matters set up by the plaintiffs' requests for special findings of fact" was denied.

A motion of the defendant that the report be confirmed and the bill dismissed with costs was allowed with modification. Thereupon an interlocutory decree was entered as follows: "it is ordered, adjudged and decreed that the

report of the master be and is hereby modified. . 1. By disallowing the allowances to the defendant of 'legal expenses, interpleader — $150' in the 66th paragraph of the report, without prejudice to the rights of the defendant to make further application for this amount in the interpleader proceedings. 2. By disallowing allowances to the defendant of 'estimated future legal expenses — $500' in the 66th paragraph of the report. 3. By substituting '$15,808.74' in the 68th paragraph of the report in place of '$15,158.74.' It is further ordered, adjudged and decreed that the report of the master as modified be and is hereby confirmed."

On the same day that the "interlocutory decree confirming modified report of master," and an "interlocutory decree overruling plaintiffs' exceptions to master's report" were entered, a final decree was entered in the terms which follow: "This case came on to be heard at this sitting and was argued by counsel and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the amount which the defendant has in his possession and which he is accountable for to junior lienors or owners of the mortgaged property is fifteen thousand eight hundred eight and seventy-four hundredths ($15,808.74) dollars and that the bill be and is hereby dismissed with costs taxed at twenty dollars and ninety cents ($20.90) for which execution is to issue against the plaintiffs." The case is before this court on the appeal of the plaintiffs from the "interlocutory decree overruling plaintiffs' exceptions to master's report, the interlocutory decree confirming modified report of master and the final decree."

The master's report contains no evidence whatever and consists of sixty-eight numbered paragraphs of findings. The plaintiffs' requests for additional findings of fact and the objections filed to the refusal of the master to make the requested special findings of fact are paragraphed and numbered one to eighteen successively. The record shows no exceptions taken to the refusal to recommit, and the brief of the plaintiffs sets out no contention that the discretion of the judge was improperly exercised. No violation of the plaintiffs' rights is shown in the refusal to recommit. *Mason*

v. *Albert*, 243 Mass. 433. *Bartlett* v. *Roosevelt, Inc.* 258 Mass. 494.

As the evidence is not reported, the findings of the master must stand and be accepted as true, unless upon the face of the report they are mutually inconsistent and contradictory. *Tuttle* v. *Corey*, 245 Mass. 196. *Coolidge* v. *Old Colony Trust Co.* 259 Mass. 515. Moreover, as the evidence is not reported, the plaintiffs' exceptions founded on the master's refusal to make findings as requested cannot be considered. *Mackintosh* v. *Houghton*, 242 Mass. 286. Apart from the refusal of the master to make the special findings requested, the plaintiffs make no contention of error. The brief is devoted to an argument on evidence which is not in the record before the court.

The contention that, if the requested findings had been made, it would appear that the original contract had been changed by an agreement on the part of the defendant to accept, and on the part of the plaintiffs to give, the sum of $44,000 for the release of the four lots and the guaranty from the Hatch and Barnes Company for the completion of the old house, the cost of such completion to be not less than $4,000, cannot be sustained. This contention appears in substance in the request numbered eighteen of the plaintiffs' objections to the refusal of the master to 'make specific findings of fact.

No one of the material allegations of the plaintiffs' bill of complaint was sustained by the findings of the master. He finds in substance that the defendant complied with the terms of the construction loan agreement; that he received no benefit from any discount, profit, rebate or commission; that the plaintiffs agreed that the defendant should receive $48,000 for the release of the four front lots and six rear lots; that all attempts to get the property financed were upon the basis of the plaintiffs' assent to paying the defendant $48,000; that the defendant was willing to accept $44,000 and a guaranty by Hatch and Barnes for the completion of the old house on lot #3, the cost of said completion to be not less than $4,000; that the defendant at no time obstructed or prevented the plaintiffs from financing these houses in ac-

cordance with the terms of the agreement; that "the defendant had no intent to injure the plaintiffs nor deprive them of the benefits of redemption, but continued to negotiate and advise with them up to, and after, the foreclosure sale on February 4, 1927"; that "the plaintiffs consented to, and requested the foreclosure of the defendant's mortgage"; that "it was not by reason of the foreclosure and the defendant's failure to comply with the terms of the construction loan agreement that the plaintiffs have incurred a loss"; and that "Any injury which the plaintiffs have received or prejudice to their good name or credit is by reason of their own acts and conduct and through no fault of the defendant." It results that the decree must be affirmed with costs.

*Ordered accordingly.*